**James Milton MALONE, James D. Malone, Milton C. Malone, Phillip G. Malone, and Mary Elizabeth Johnson, Petitioners,**

v.

**Christopher FOSTER, M.D., Bill Christensen, M.D., and Baylor University Medical Center, Respondents.**

No. 97–0661.

Supreme Court of Texas.

Argued on Dec. 3, 1997.

Decided June 5, 1998.

Charles McGarry, Dallas, for Petitioners.

James M. Stewart, Joann M. Wilkins, Richard F. Werstein, Dallas, for Respondents.

ENOCH, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and GONZALEZ, HECHT, SPECTOR, OWEN, ABBOTT, and HANKINSON, Justices, join, and in which BAKER, Justice, joins in Parts II and III.

In this case, the Malones ask us to recognize an independent cause of action for intentional or negligent spoliation of evidence by parties to litigation. The court of appeals declined to recognize such a cause of action. 956 S.W.2d 573, 582. In *Trevino v. Ortega*, issued today, we held that Texas does not recognize an independent cause of action for evidence spoliation by persons who are par-

ties to the underlying lawsuit. 969 S.W.2d 950 (Tex.1998). Because we also reject the Malones' other contentions on appeal, we affirm the court of appeals' judgment.

On December 17, 1990, James M. Malone went to Baylor University Medical Center complaining about difficulty in moving his extremities. Drs. Christopher Foster and Bill Christensen admitted him to the hospital and initially diagnosed Malone with a kidney infection. On December 18, Malone fell in his room. In compliance with hospital policy, Nurse Connie Chason filled out an incident report. Malone claims that he told her he fell because he could not move his legs, but Chason does not recall this statement. In accordance with its incident report retention policy, Baylor destroyed the incident report. Dr. Foster did not find out that Malone could not move his legs until December 20. At this point, Dr. Foster referred Malone to a neurosurgeon. The neurosurgeon determined that Malone had a spinal epidural abscess and required immediate surgery. After surgery, Malone was a quadriplegic.

James M. Malone, James D. Malone, Milton C. Malone, Phillip G. Malone and Mary E. Johnson (collectively the "Malones") sued Drs. Foster and Christensen and Baylor University Medical Center (collectively "Baylor") for medical malpractice and evidence spoliation. The Malones brought both claims in the same suit.

Baylor moved for summary judgment asserting, among other things, that evidence spoliation is not a cognizable cause of action in Texas. The trial court granted partial summary judgment dismissing the Malones' spoliation claim. After a trial on the underlying medical malpractice action, the jury reached a take-nothing verdict and the trial court rendered judgment on the verdict. The court of appeals affirmed the trial court's judgment.

I.

The Malones assert that Texas recognizes a cause of action for evidence spoliation. As noted above, we held today in *Trevino* that evidence spoliation is not a separate tort in Texas. 969 S.W.2d at 952.

## II.

■ The Malones also assert that the trial court erred by excluding Sherri Watkins's testimony about the destruction of the hospital incident report. Watkins is an administrator at Baylor University Medical Center and would have testified about Baylor's policy of destroying incident reports after six months. The Malones contend that her testimony would have allowed the jury to infer that the incident report was unfavorable to Baylor. The Malones must show that the trial court erred in excluding Watkins's testimony and that the error probably caused the rendition of an improper judgment. *See* TEX. R.APP. P. 44.1; *McCraw v. Maris,* 828 S.W.2d 756, 757 (Tex.1992).

Like any other question of admissibility of evidence, the exclusion or admission of Watkins's testimony is an issue within the trial court's discretion. *See Trevino,* 969 S.W.2d at 951; TEX.R. CIV. EVID. 104(a) (repealed 1998) (current version at TEX.R. EVID. 104(a)). On this record, we cannot hold that the trial court abused its discretion. For example, Nurse Chason testified that it was her practice to incorporate the contents of any incident reports into her regular nursing report. Because her nursing report for the time period in question was available to the Malones, the trial judge could have concluded that the absence of the alleged incident report was not prejudicial to the Malones. Accordingly, it was not reversible error for the trial court to refuse to admit the testimony before the jury.

## III.

■ Finally, the Malones allege that the trial court erred by refusing to strike jurors Grady and DeLay for cause. Before empaneling the jury, the Malones objected to the trial court's failure to excuse jurors *Kahle* and DeLay for cause; however, upon appeal, the Malones object to the failure to excuse jurors *Grady* and DeLay for cause. Accordingly, the Malones waived the error, if any, as to juror Grady.

■ With respect to juror DeLay, the Malones argue that DeLay's responses during the voir dire examination demonstrate that he should have been excused for cause. As-suming without deciding that the complaint was timely made, the for-cause challenge as to DeLay is without merit.

■ If a potential juror's bias or prejudice for or against a party in a lawsuit is established as a matter of law, the trial court must disqualify that person from service. TEX. GOV'T CODE § 62.105(4); *Swap Shop v. Fortune,* 365 S.W.2d 151, 154 (Tex.1963). If prejudice is not established as a matter of law, the trial court makes a factual determination as to whether the venire member should be disqualified. *See Swap Shop,* 365 S.W.2d at 154 (noting that the trial court is "in [a] better position than an appellate court to evaluate the juror's sincerity and his capacity for fairness and impartiality").

When asked generally whether he disagreed with the law on consortium damages and whether he could award these types of damages, DeLay responded vaguely and equivocally. When DeLay was asked specifically whether he could award these particular plaintiffs consortium damages, he stated that he was not sure. Then he was asked whether he could award a set figure for consortium damages. DeLay responded that there might be a limit, but upon follow-up he said that he was not biased or prejudiced against awarding these types of damages. His answers do not establish bias; in fact, they are consistent with a juror's duty to be bound by the evidence in a particular case in reaching his verdict. There is nothing in this record to suggest that the trial court abused its discretion. Accordingly, there was no error in the trial court's refusal to excuse DeLay for cause.

\* \* \* \* \*

As we held in *Trevino v. Ortega,* we decline to recognize a cause of action for evidence spoliation. *See* 969 S.W.2d at 951. Furthermore, we conclude that the trial court did not err in excluding Watkins's testimony, that the Malones have waived any error on their complaint that the trial court improperly refused to dismiss juror Grady, and that their complaint regarding juror De-

Lay is without merit. Accordingly, the court of appeals' judgment is affirmed.

BAKER, J., filed a concurring opinion.

BAKER, Justice, concurring in Part I.

I agree with the Court's opinion about excluding testimony and striking jurors for cause. For the reasons I expressed in *Trevino v. Ortega*, 969 S.W.2d 950, I concur with the Court's opinion about an evidence spoliation cause of action.