John TWEEDELL, Don Hicks, and Billy D. White, Appellants,

v.

HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION, Hochheim Prairie Casualty Insurance Company, Hochheim Prairie Insurance Company, John E. Trott, Jr., Melvin L. Hairell, Joe Tipton, Everett C. Dunahoe, and Celeste Matula, Appellees.

No. 13–96–142–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1999.

---

Jerry R. Tucker, Sr., Spring Branch, for appellants.

Harold H. Walker, Rose & Walker, Stacy R. Obenhaus, Gardere & Wynne, Dallas, Kathy Goodman, Gardere, Wynne, Sewell & Riggs, Houston, for appellees.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION ON REMAND

Opinion by Justice HINOJOSA.

We issued our original opinion in this case on February 12, 1998.[1] Appellees, Hochheim Prairie Farm Mutual Insurance Association, Hochheim Prairie Casualty

1. *Tweedell, et al. v. Hochheim Prairie Farm Mut. Ins. Ass'n, et al.,* 962 S.W.2d 685 (Tex. App.—Corpus Christi 1998, pet. granted, judgm't vacated w.r.m.).

Insurance Company, Hochheim Prairie Insurance Company, John E. Trott, Melvin L. Hairell, Joe Tipton, Everett C. Dunahoe, and Celeste Matula, subsequently appealed to the Texas Supreme Court. On July 1, 1999, the supreme court issued its opinion in *Crown Life Ins. Co. v. Casteel,* No. 98–0218, 1999 WL 450773 (Tex. July 1, 1999). On the same day, the supreme court granted the petition for review in this case and, without reference to the merits, vacated the judgment of this Court and remanded this case to us for reconsideration in light of *Casteel. See Hochheim Prairie Mut. Ins. Ass'n, et al. v. Tweedell, et al.,* 997 S.W.2d 277 (Tex.1999).

This case involves misrepresentations allegedly made by an insurance company to some of its agents. Appellants, John Tweedell, Don Hicks, and Billy D. White (collectively "the Agents"), were independent insurance agents authorized to sell property and casualty insurance for Hochheim Prairie Farm Mutual Insurance Association, Hochheim Prairie Casualty Insurance Company, and Hochheim Prairie Insurance Company (collectively "the Hochheim Companies"). In 1990, the Hochheim Companies terminated the Agents' sales representative and agency contracts and refused to renew all policies issued by the Agents because of overall combined high loss ratios for the years 1986, 1987, 1988, and 1989. The Agents sued the Hochheim Companies and their officers, John E. Trott, Melvin L. Hairell, Joe Tipton, Everett C. Dunahoe, and Celeste Matula, for breach of fiduciary duties and violations of the Deceptive Trade Practices—Consumer Protection Act[2] ("DTPA") and article 21.21 of the Insurance Code.[3] Appellees filed a counterclaim alleging that the Agents had filed their DTPA claims in bad faith and moved for partial summary judgment on the ground

that the Agents lacked standing to bring their causes of action. The trial court granted appellees' motion for summary judgment and severed the counterclaim from this case. By three points of error, the Agents contend the trial court erred in granting the motion for summary judgment because they have standing and genuine issues of material fact exist. We affirm in part and reverse and remand in part.

■ The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled its initial burden (1) to establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action, or (2) to establish its affirmative defense to the plaintiff's cause of action as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon,* 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* Once the movant establishes an affirmative defense which would bar the suit as a matter of law, the non-movant must produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex. App.—Corpus Christi 1991, writ denied).

By their second point of error, the Agents complain the trial court erred in granting summary judgment on their DTPA claims on the ground that they are not "consumers" as defined by the DTPA.[4] The Agents contend they are consumers

---

**2.** Tex. Bus & Com.Code Ann. § 17.41 et seq. (Vernon 1987 & Supp.1999).

**3.** TEX. INS.CODE ANN. art. 21.21 (Vernon 1981 & Supp.1999).

**4.** Tex. Bus. & Com.Code Ann. § 17.45(4) (Vernon 1987).

because they bought policies from the Hochheim Companies and they sought the products and services of the Hochheim Companies for their rural customers.

 To have a direct cause of action under the DTPA, the claimant must be a consumer. *Casteel,* at ———, 1999 WL 450773, at * 6; *see* Tex. Bus. & Com.Code Ann. § 17.50 (Vernon Supp.1999); *Transport Ins. Co. v. Faircloth,* 898 S.W.2d 269, 274 (Tex.1995). Section 17.45 of the DTPA defines consumer as "an individual, partnership, corporation, this state, or agency of this state who seeks or acquires by purchase or lease, any goods or services[.]" Tex. Bus. & Com.Code Ann. § 17.45(4) (Vernon 1987). Whether a plaintiff is a consumer is a question of law for the trial court to decide. *First Fed. Sav. & Loan Ass'n v. Ritenour,* 704 S.W.2d 895, 898 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). To establish status as a consumer, a plaintiff must have sought or acquired goods or services by purchase or lease, and those goods or services must form the basis of the claim. *Melody Home Mfg. Co. v. Barnes,* 741 S.W.2d 349, 351 (Tex.1987); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex.1981); *Shelton Ins. Agency v. St. Paul Mercury Ins. Co.,* 848 S.W.2d 739, 744 (Tex.App.—Corpus Christi 1993, writ denied). The absence of either requirement will defeat a DTPA claim. *Cameron,* 618 S.W.2d at 539.

 The Agents' allegations fail to satisfy these requirements. Although the Agents purchased insurance policies for themselves from the Hochheim Companies, these policies are not the basis of their claims. The Agents do not contend that the Hochheim Companies misrepresented the coverage available under the terms of the policies in order to induce them to purchase the insurance. The Agents' second contention, that they sought the Hochheim Companies' products or services for their customers, fails because the products or services were not obtained through the Agents' purchase or lease. Accordingly, we conclude the Agents do not have standing as consumers under the DTPA.

We hold the trial court did not err in granting summary judgment against the Agents on their DTPA claims. Appellant's second point of error is overruled.

 By their first point of error, the Agents complain the trial court erred in granting appellees' motion for summary judgment on the ground the Agents are not persons under article 21.21 of the Insurance Code. In their motion for summary judgment, appellees argued that only insureds or beneficiaries of an insurance policy have standing to file an article 21.21 claim.

 Section 16(a) of article 21.21 provides:

> Any person who has sustained actual damages as a result of another's engaging in an act or practice declared in Section 4 of this Article or in rules or regulations lawfully adopted by the Board under this Article to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance or in any practice defined by Section 17.46 of the Business & Commerce Code, as amended, as an unlawful deceptive trade practice may maintain an action against the person or persons engaging in such acts or practices.

Act of March 19, 1985, 69th Leg., R.S., ch. 22, § 3, 1985 Tex. Gen. Laws 71, 72 (amended 1995) (current version at Tex. Ins. Code art. 21.21, § 16(a) (Vernon Supp. 1999)). A "person" is defined as "any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyds insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters, and life insurance counselors." Tex. Ins. Code art. 21.21, § 2(a) (Vernon Supp.1999).

In *Casteel,* the supreme court held that agents have standing to sue insurance

companies for violations of article 21.21. at ——, 1999 WL 450773, at *6. Section 16(a) of the insurance code clearly grants standing to any person who has sustained actual damages as a result of another's engaging in an act or practice declared in section 4 of article 21.21 to be unfair methods of competition or unfair or deceptive acts or practices in the business of insurance. Certain subsections of section 4 apply only to persons engaged in the business of insurance. *See* TEX. INS.CODE ANN. art. 21.21, § 4 (Vernon Supp.1999).

In *Casteel*, the supreme court also reaffirmed that consumer status is not specifically required to bring a DTPA section 17.46 based cause of action under article 21.21. at ——, 1999 WL 450773, at * 6 (citing *Aetna Cas. & Sur. Co. v. Marshall*, 724 S.W.2d 770, 772 (Tex.1987)). If, however, the terms of a subsection 17.46(b) claim require consumer status, then such status is also required under article 21.21. *Casteel*, at ——, 1999 WL 450773, at * 6. The Agents must be consumers to state a cause of action under article 21.21 for the violation of a DTPA subsection if the subsection either (1) specifically involves a consumer transaction, or (2) involves the misrepresentation of "goods or services" acquired by them. *Id.*

The Agents are alleging violations of subsections 2, 3, 4, 8, 12, and 23 of section 17.46 of the DTPA. The supreme court has held that subsection 23[5] requires consumer status while subsection 12[6] does not. *Id.* at ——, at *7. We conclude that subsections 2[7] and 4,[8] like subsection 23, require consumer status because they relate to misrepresentations of acquired goods or services. Subsections 3[9] and 8,[10] on the other hand, do not satisfy either prong of the test set forth above. Consumer status is not necessary to assert claims for violations of these subsections. Thus, the Agents have standing to bring claims for violations of DTPA section 17.46, subsections 3, 8, and 12 under article 21.21 of the insurance code.[11]

Because insurance agents are included in the article 21.21, section 2 definition of "person," we hold that any agent who suffers actual damages because of another person's engaging in activities proscribed by article 21.21, section 4 or by section 17.46 of the DTPA, as discussed above, has standing to bring a cause of action under article 21.21 of the insurance code. Because the law was improperly applied to the facts of this case, we hold the trial court erred in granting summary judg-

---

5. Subsection 23 describes a violation as "the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." TEX. BUS. & COM.CODE ANN. § 17.46(b)(23) (Vernon Supp.1999).

6. A violation of this subsection occurs when a person is "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law." TEX. BUS. & COM.CODE ANN. § 17.46(b)(12) (Vernon Supp. 1999).

7. A violation occurs if one is "causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." TEX. BUS. & COM.CODE ANN. § 17.46(b)(2) (Vernon Supp.1999).

8. It is a violation to "use deceptive representations or designations of geographic origin in connection with goods or services." TEX. BUS. & COM.CODE ANN. § 17.46(b)(4) (Vernon Supp. 1999).

9. "[C]ausing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another" is a violation. TEX. BUS. & COM.CODE ANN. § 17.46(b)(3) (Vernon Supp.1999).

10. Disparaging the business of another by false or misleading representations of fact is a violation. TEX. BUS. & COM.CODE ANN. § 17.46(b)(8) (Vernon Supp.1999).

11. Because the issues were not raised by appellee's motion for summary judgment, we offer no opinion on the merits of appellant's allegations.

ment on the ground that the Agents do not have standing to bring a claim under article 21.21 of the insurance code. We sustain appellant's first point of error.

In light of our disposition, it is not necessary to discuss the Agents' third point of error. *See* TEX.R.APP. P. 47.1.

The Agents do not challenge the trial court's grant of summary judgment on the breach of fiduciary duties claim (1) by a separate point of error or (2) by argument and citation to authority under their three points of error. We, therefore, affirm the trial court's summary judgment against the Agents on their breach of fiduciary duties cause of action.

We affirm the trial court's summary judgment against the Agents on their DTPA claim. We reverse the summary judgment on the Agents' article 21.21 claim and remand that cause of action to the trial court for further proceedings.