NUMBER 13-98-302-CV

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ____________________________________________________________________ 



ROSE MARY NAVA 

AND SALVADOR A. 

CARRILLO, Appellants, 



v.

 

CENTRAL POWER AND LIGHT, Appellee. 

____________________________________________________________________ 



On appeal from the 148th District Court of Nueces County, Texas. 

____________________________________________________________________ 



O P I N I O N

 

Before Justices Hinojosa, Yañez, and Rodriguez 

Opinion by Justice Yañez

 Appellants, Rose Mary Nava and Salvador Carrillo, instituted this suit against appellee, Central Power and Light
Company (CP&L), for negligence, violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA),(1) and
breach of contract.(2) The trial court granted a motion for directed verdict as to the contract and DTPA claims, and
following trial, a jury returned a verdict in CP&L's favor on the negligence claim. Following a hearing on entry of
judgment, the trial court awarded CP&L $7,500 in attorney's fees as sanctions against appellants' counsel. In six issues,
appellants contend the trial court erred in: (1) denying their motion to strike a prospective juror for cause; (2) directing a
verdict in CP&L's favor on the contract and DTPA issues; (3) excluding an exhibit offered into evidence; (4) imposing rule
13 sanctions(3) without notice or an evidentiary hearing, and (5) accepting a verdict in CP&L's favor which was against the
great weight and preponderance of the evidence. We affirm in part, and reverse and remand in part. 

Background

 Appellants brought this suit against CP&L for damages arising from an assault, which occurred on January 16, 1993, in the
parking lot of Del Starr Apartments (Del Starr). Both appellants suffered bodily injuries during the assault, which they
contend occurred as a result of inadequate lighting leased to Del Starr by CP&L. CP&L argues that Del Starr's employee,
Michelle Green, requested an upgrade in area lighting, which was limited to what Del Starr could afford. Her order
consisted of upgrading two existing lights and installing a third. CP&L contends it informed Del Starr of its policy of
installing lights only on CP&L-owned poles and advised Del Starr that if it wanted additional lighting, it would have to
make other arrangements. 

Juror Disqualification

 In their first issue, appellants assert the trial court erred in overruling their challenge of a potential juror for cause, which
necessitated the use of a peremptory challenge, thereby requiring appellants to accept an objectionable juror. The record
reflects appellants informed the court that denial of their challenge for cause would require exhaustion of their peremptory
challenges, resulting in a specific identifiable juror remaining on the panel. See Shepherd v. Ledford, 962 S.W.2d 28, 34
(Tex. 1998). The trial court denied appellants' motion to strike. Because appellants were forced to exhaust their
peremptory challenges, an objectionable juror was seated on the jury. Appellants contend the challenged juror admitted
bias and should have been excused for cause. 

 If a potential juror is biased or prejudiced for or against a party in a lawsuit as a matter of law, the trial court must
disqualify that person from service. Malone v. Foster, 977 S.W.2d 562, 564 (Tex. 1998);Goode v. Shoukfeh, 943 S.W.2d
441, 443 (Tex. 1997). The disqualification of a member of a jury panel is governed by section 62.105 of the government
code, which states in part, "[a] person is disqualified to serve as a petit juror in a particular case if he . . . has a prejudice in
favor of or against a party in the case." Tex. Gov't Code Ann. § 62.105(4) (Vernon Supp. 1998); Shepherd, 962 S.W.2d at
34. Bias has been defined as "an inclination toward one side of an issue rather than the other, but to disqualify, it must
appear that the state of mind of the juror leads to the natural inference that he [or she] will not or did not act with
impartiality." Goode, 943 S.W.2d at 443. Prejudice is defined as "prejudgment, and consequently embraces bias." Id. at
453. 

 "If evidence conclusively establishes that a jury panelist had a state of mind in favor of or against a litigant . . . so that the
panelist would not act with impartiality or prejudice in the cause, an appellate court must hold that the panelist was
disqualified as a matter of law."Gum v. Schaefer, 683 S.W.2d 803, 807 (Tex. App.--Corpus Christi 1984, no writ). To hold
that a juror was biased as a matter of law, "the testimony should compel us to conclude" that his state of mind "would affect
the juror's verdict." Swap Shop v. Fortune, 365 S.W.2d 151, 154 (Tex. 1963). In the instant case, we cannot conclude that
the juror challenged for cause was biased or prejudiced as a matter of law. After providing the prospective jurors with a
basic outline of the case, appellants' counsel asked the panel whether anyone "would not be able to be a fair and impartial
juror in this case, just knowing what you know about the case so far?" Three jurors responded by raising a hand, not
including the challenged juror. Appellants' counsel next asked whether the remaining panelists could be fair and impartial
jurors, and if not, to identify themselves. Five more prospective jurors raised a hand, including the challenged juror. 

 Appellants' counsel later questioned the venire members as to whether they or any of their friends or relatives worked or
had worked for CP&L. The challenged juror raised her hand. Counsel then asked additional questions concerning the
nature of the relationship and whether it would affect her judgment or render her unable to be a fair and impartial juror. 
The challenged juror replied that her husband worked for CP&L. When questioned further as to whether she would be fair
and impartial, the challenged juror replied that she "would certainly try" and that she and her husband "don't see eye-to-eye
on many things anyway." 

 Thereafter, appellants' counsel addressed the challenged juror and attributed statements to her that she had not made. In
addition, when the challenged juror attempted to explain her position, she was cut off by appellants' counsel. 

[Appellants' Counsel]: You were one of the people who, when I asked after the first part of the case whether you could be
fair and impartial, you said no. And later on, you still maintain your position? I just want to be sure that was still your
position. 



JUROR: Well, in the beginning, before I realized that I have to listen to evidence before I make my opinion. You know,
that's how I would base my. . . . 



[Counsel]: Okay. All right. Well, we sure appreciate it. Thank you. . . . 



 On voir dire examination, CP&L's counsel questioned the juror to clarify her position. The pertinent exchanges are as
follows: 

[CP&L's Counsel]: Well, I'm not sure from your answer. Are you telling us that you could listen to the end of the evidence
now that you understand? 



JUROR: Yes. 

 

[Counsel]: Now that the standard has been fully explained? 



JUROR: Exactly. 



[Counsel]: And later when [Appellants' counsel] was explaining it - 



JUROR: Well, I assumed that not knowing that my husband worked for CP&L would work against me, so to speak, you
know. I may not, so . . . we're totally different people, so- 



[Counsel]: Well, and again we don't really care what he thinks. 



JUROR: Right, exactly. 



[Counsel]: Would you be able to make a decision on your own based on the evidence, when the question was asked, based
on evidence? 



JUROR: Right. 



 Once a prospective juror admits bias or prejudice, he or she cannot be "rehabilitated," and affirmations that bias and
prejudice can be set aside and the case decided on the law and the evidence must be entirely disregarded. Gum, 683
S.W.2d at 808. Despite the presumptive nature of the questions posed to the challenged juror by appellants' counsel, the
juror's statements never indicated or stated any prejudice or bias toward either party. The challenged juror's statements
were insufficient to conclusively establish bias or prejudice. When prejudice is not established as a matter of law, the trial
court makes a factual determination as to whether the potential juror is sufficiently prejudiced to warrant disqualification. 
Foster, 977 S.W.2d at 564. Where the evidence does not conclusively establish a panelist's disqualification as a matter of
law, an appellate court must consider the evidence in a light most favorable to upholding the trial court's ruling. Compton v.
Henrie, 364 S.W.2d 179, 182 (Tex. 1963); Gum, 683 S.W.2d at 807. A trial court is generally "in a better position . . . to
evaluate a juror's sincerity and [her] capacity for fairness and impartiality." Goode, 943 S.W.2d at 453; Swap Shop, 365
S.W.2d at 154. The trial court's decision to overrule appellants' motion to remove the challenged juror for cause was within
its discretion. Pharo v. Chambers County, 922 S.W.2d 945, 949 (Tex. 1996). Appellants' first issue is overruled. 

Directed Verdict on DTPA 

 In appellants' second issue, they contend the trial court erred in granting a directed verdict on their DTPA claim on the
ground that appellants are not "consumers" as defined by the DTPA. 

 A directed verdict is proper when: "(1) a defect in an opponent's pleading makes it insufficient to support a judgment; (2)
certain fact propositions are true which, under the substantive law, entitle a party to judgment as a matter of law; or (3) the
evidence is insufficient to raise a fact issue that must be established for the opponent to be entitled to judgment." Parks v.
Dewitt County Elec. Co-op., Inc., 962 S.W.2d 707, 710 (Tex. App.--Corpus Christi 1998), rev'd on other grounds, 1
S.W.3d 96 (Tex. 1999); City of San Benito v. Cantu, 831 S.W.2d 416, 422 (Tex. App.--Corpus Christi 1992, no writ). 

 We review a trial court's directed verdict de novo. Parks, 962 S.W.2d at 710; Graham v. Atlantic Richfield Co., 848
S.W.2d 747, 750 (Tex. App.--Corpus Christi 1993, writ denied). This Court considers the evidence in the light most
favorable to the nonmovant, disregarding all contrary evidence and inferences. Parks, 962 S.W.2d at 710 (citingHenderson
v. Travelers Ins. Co., 544 S.W.2d 649, 650 (Tex. 1976)). If there is any evidence of probative force to raise a fact issue on
a material question, then the issue must go to the jury and a directed verdict is improper. Id. (citing Najera v. Fidelity &
Cas. Co. of N.Y., 207 S.W.2d 365, 367 (Tex. 1948)); Cavazos v. Fidelity & Cas. Co. of N.Y., 590 S.W.2d 173, 175 (Tex.
Civ. App.--Corpus Christi 1979, no writ). 

 To have a cause of action under the DTPA, the claimant must be a consumer. Tex. Bus. & Com. Code Ann. § 17.50
(Vernon Supp. 2000);Transport Ins. Co. v. Faircloth, 898 S.W.2d 269, 274 (Tex.1995). Section 17.45 of the DTPA
defines a consumer as "an individual, partnership, corporation, this state, or agency of this state who seeks or acquires by
purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45(4) (Vernon 1998); Henderson v. Central
Power & Light Co., 977 S.W.2d 439, 444 (Tex. App.--Corpus Christi 1998, pet. denied). Whether a plaintiff is a consumer
under the DTPA is a question of law for the trial court to determine from the evidence. See Tweedell v. Hochheim Prairie
Farm Mut. Ins. Ass'n, 1 S.W.3d 304, 307 (Tex. App.--Corpus Christi 1999, no pet.). "To establish DTPA consumer status,
a plaintiff must have sought or acquired goods or services by purchase or lease, and the goods or services purchased or
leased must form the basis of the complaint." Id. (citing Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 351-52 (Tex.
1987)). "The absence of either requirement will defeat a DTPA claim." Id. 

 Privity between the plaintiff and the defendant is not a consideration in deciding the plaintiff's status as a consumer under
the DTPA. Tuscarora Corp. v. HJS Industries, Inc., 794 S.W.2d 435, 441 (Tex. App.--Corpus Christi 1990, writ denied)
(citing Birchfield v. Texarkana Memorial Hosp., 747 S.W.2d 361, 366 (Tex. 1987)). The plaintiff's status is established by
his or her relationship to the transaction, not by a contractual relationship with the defendant. Id. The Texas Legislature
created the DTPA to protect consumers in consumer transactions. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex.
1996). Consistent with the legislative purpose, a defendant's deceptive conduct must occur in connection with a consumer
transaction. Id. The in-connection-with requirement imposes a limitation on liability that is consistent with the underlying
purposes of the DTPA. Id. at 650. 

 Appellants contend Nava was a consumer because she leased an apartment from Del Starr, which, in turn, acquired some
lights from CP&L. Although appellants leased an apartment from Del Starr, that apartment does not form the basis for
their complaint against CP&L. See Tweedell, 1 S.W.3d at 307. There is no evidence in the record to raise any fact issue
with regard to whether appellants were consumers under the DTPA. The relationship appellants have with the transaction
between Del Starr and CP&L is too remote to be consistent with the legislative purpose of the DTPA. Appellants are not
consumers in connection with the transaction between Del Starr and CP&L. Accordingly, they have no standing to bring a
cause of action under the DTPA. See id. Therefore, the court did not err in granting a directed verdict. Appellants' second
issue is overruled. 

Directed Verdict on Breach of Contract

 Appellants argue in their third issue that they were third-party beneficiaries to a contract between Del Starr and CP&L, and
are therefore entitled to bring a cause of action for CP&L's breach of that contract. CP&L contends there was no evidence
of a contract for "security lighting" between it and Del Starr, and accordingly, no evidence of any third-party beneficiary
contract between Del Starr and CP&L. 

 The elements of a breach of contract claim are: (1) the existence of a contract, (2) compliance with its terms, and (3)
breach of the contract. Duzich v. Marine Office of Am. Corp., 980 S.W.2d 857, 863 (Tex. App.--Corpus Christi 1998, pet.
denied); Prudential Sec. Inc. v. Haugland, 973 S.W.2d 394, 396 (Tex. App.--El Paso 1998, pet. denied). Although there
was some evidence presented that Del Starr leased lighting from CP&L, there is no contract in the record before us. Even
assuming a valid contract existed, there is no evidence as to what the terms of the contract were or whether CP&L complied
with those terms. CP&L's representative testified that CP&L fulfilled an order for an upgrade of Del Starr's existing lights,
and had a continuing obligation to maintain those lights. Whether CP&L's actions were undertaken pursuant to a separate
contract or were pursuant to a modification of Del Starr's existing lease with CP&L was not established. We conclude
appellants failed to produce evidence to establish the existence of a valid contract. 

 Even assuming a valid contract existed between CP&L and Del Starr, appellants nonetheless failed to establish third-party
beneficiary status. The fact that a person might receive an incidental benefit from a contract to which he is not a party does
not give that person a right of action for breach of contract. MCI Telecomm. Corp. v. Texas Utilities Elec. Co., 997 S.W.2d
647, 651 (Tex. 1999). A third party may recover on a contract made between other parties only if the parties intended to
secure some benefit to that third party, and only if the contracting parties entered into the contract directly for the third
party's benefit. Id.

 In determining whether a third party can recover under a contract, the intention of the contracting parties is controlling. Id. 
A court will not create a third-party beneficiary contract by implication. Id. The intention to contract or confer a direct
benefit to a third party must be clearly and fully spelled out or recovery by the third party must be denied. Id. 
Consequently, a presumption exists that parties contracted for themselves unless it "clearly appears" that they intended a
third party to benefit from the contract. Id.; Corpus Christi Bank & Trust v. Smith, 525 S.W.2d 501, 503-04 (Tex. 1975). 

 Appellants failed to present evidence establishing that Del Starr had contracted for their benefit. Appellants did not
establish they were third-party beneficiaries of any contract between Del Starr and CP&L; therefore, appellants are not
entitled to maintain an action for breach of contract. Appellants' third issue is overruled. 

Exclusion of Evidence

 In their fourth issue, appellants contend the court committed reversible error by refusing to admit into evidence a CP&L
advertisement showing the efficiency of CP&L floodlights. Appellants suggest that the brochure was an integral part of the
proof to establish that CP&L made representations concerning the benefits of security lighting and breached its contract
with Del Starr. The evidence was also necessary, appellants argue, to impeach the testimony of CP&L's representative. 

 CP&L argues the evidence was properly excluded because appellants failed to disclose the evidence in response to
discovery requests. CP&L also maintains the evidence was irrelevant because the brochure pertained to floodlighting,
which Del Starr had neither requested nor installed, and because it described a service not available at the time of the
incident. 

 Appellants contend they preserved error through a bill of exception. No bill of exception was filed with the court. Filing a
formal bill of exception, however, is not required to preserve error. Tex. R. App. P. 33.1(c). In order to preserve error
regarding the exclusion of evidence, both the offer of the evidence and the adverse ruling must appear in the record. Tex.
R. App. P. 33.1; Wyler Indus. Works, Inc. v. Garcia, 999 S.W.2d 494, 511 (Tex. App.--El Paso 1999, no pet.). The record
reflects appellants attempted to introduce the brochure, but that the trial court refused to admit it. We conclude appellants
properly preserved their point of error. However, we find no error in the trial court's refusal to admit the evidence. 

 The admission and exclusion of evidence are committed to the trial court's sound discretion. Norwest Mortgage, Inc. v.
Salinas, 999 S.W.2d 846, 861 (Tex. App.--Corpus Christi 1999, pet. denied) (citingCity of Brownsville v. Alvarado, 897
S.W.2d 750, 753 (Tex. 1995)). A person seeking to reverse a judgment based on evidentiary error need not prove that but
for the error a different judgment would necessarily have been rendered, but only that the error probably resulted in an
improper judgment. Alvarado, 897 S.W.2d at 754; McCraw v. Maris, 828 S.W.2d 756, 758 (Tex. 1992); Norwest
Mortgage Inc., 999 S.W.2d at 861. A successful challenge to evidentiary rulings usually requires the complaining party to
show that the judgment turns on the particular evidence excluded or admitted. Alvarado, 897 S.W.2d at 754; Norwest
Mortgage Inc., 999 S.W.2d at 861. We conduct our review to determine whether the error was reversible by examining the
entire record, focusing on how the erroneously admitted or excluded evidence would have influenced the trier of fact. 
Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 677 (Tex. App.--Corpus Christi 1997, no pet.) (citing Alvarado, 897
S.W.2d at 755). 

 A trial court abuses its discretion when it acts without regard for any guiding rules or principles. Alvarado, 897 S.W.2d at
754. An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. State
Bar of Tex. v. Evans, 774 S.W.2d 656, 658 (Tex.1989); Norwest Mortgage Inc., 999 S.W.2d at 861. 

 The CP&L advertisement pamphlet touted the benefits and applications of CP&L floodlights. Floodlights were not shown
to be a part of any lease between CP&L and Del Starr, nor were there any representations made by CP&L's representative
during his meetings with Del Starr concerning floodlights. We are unpersuaded that the evidence, if admitted, would have
affected the judgment, given the lack of evidence on other elements of appellants' claims. In light of these facts, it is clear
that appellants' claims against CP&L did not turn on the evidence that was excluded. Appellant's fourth issue is overruled. 

Sanctions

 In their fifth issue, appellants assert the trial court abused its discretion in imposing sanctions in the amount of $7500
against appellants' counsel. Appellants contend the trial court awarded CP&L $7500 in attorney's fees as sanctions
pursuant to rule 13 of the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 13. Appellants contend the trial court failed
to comply with the procedural requirements of rule 13 because: (1) CP&L did not file a motion for sanctions; (2) appellants'
counsel was neither provided adequate notice of the rule 13 allegations nor an evidentiary hearing, and was therefore
"surprised" by the allegations during the hearing for entry of judgment; (3) there was no evidence before the court that
appellants' claims were groundless and brought in bad faith or for the purpose of harassment; (4) the sanctions order fails to
point out with particularity the acts or omissions on which the sanction is based; and (5) CP&L waived any right it may
have had to sanctions by waiting more than five months after the trial ended before asserting its request. CP&L contends
the order awarding $7500 in rule 13 sanctions against appellants' counsel was proper because of appellants' groundless
pleadings and "recalcitrant behavior" by counsel during trial. Specifically, CP&L contends that during trial, appellants'
counsel discussed with CP&L's counsel and the court the possibility that the jury charge would be submitted solely on the
issue of negligence. However, after CP&L pursued a motion for directed verdict on all causes of action, which the trial
court granted as to the breach of contract and DTPA claims, appellants' counsel nevertheless submitted requested questions
on the DTPA claims at the charge conference. CP&L contends appellants' counsel's argument that he was not provided
adequate notice is meritless because CP&L's motion for entry of judgment, filed on January 29, 1998, almost two months
before the hearing on March 23, 1998, specifically identified fourteen allegations in appellants' pleadings that CP&L
contended were "groundless and brought in bad faith." 

 We review a trial court's order of rule 13 sanctions under an abuse of discretion standard. Koslow's v. Mackie, 796 S.W.2d
700, 704 (Tex. 1990); Home Owners Funding Corp. of Am. v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi
1991, no writ). The test for determining if the trial court abused its discretion is whether the trial court acted without
reference to any guiding rules or principles. Koslow's, 796 S.W.2d at 704; Scheppler, 815 S.W.2d at 889. "A trial court
abuses its discretion in imposing sanctions only if it bases the order on an erroneous view of the law or a clearly erroneous
assessment of the evidence." Woodward v. Jaster, 933 S.W.2d 777, 782 (Tex. App.--Austin 1996, no writ) (citations
omitted). "The court may impose sanctions only for good cause, the 'particulars' of which must be stated in the sanctions
order." Id. (citing Dyson Descendant Corp. v. Sonat, 861 S.W.2d 942, 950 (Tex. App.--Houston [1st Dist.] 1993, no writ)). 
"In reviewing the imposition of sanctions, we ordinarily look to the particulars of good cause set out in the sanctions order." 
Id.(citations omitted). 

 Rule 13 authorizes the imposition of sanctions against an attorney, a represented party, or both, who files a pleading that is
both: (1) groundless and brought in bad faith; or (2) groundless and brought to harass. Tex. R. Civ. P. 13 (emphasis
added); Monroe v. Grider, 884 S.W.2d 811, 817 (Tex. App.--Dallas 1994, writ denied); New York Underwriters Ins. v.
State Farm, 856 S.W.2d 194, 205 (Tex. App.--Dallas 1993, no writ). Rule 13 defines "groundless" as having no basis in
law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. Tex. R.
Civ. P. 13. When determining whether sanctions are appropriate, the trial court must examine the facts available to the
litigant and the circumstances existing when the litigant filed the pleading. New York Underwriters, 856 S.W.2d at 205. 
The sanctions a court may impose include the award of attorney's fees. Tex. R. Civ. P. 13, 215.2(b). 

 In reviewing the trial court's application of the guiding rules and principles behind rule 13 and its factual findings
supporting its rule 13 ruling, we ordinarily look to its formal findings of facts and conclusions of law. Scheppler, 815
S.W.2d at 889. In the instant case, the trial court did not make any findings of fact and conclusions of law. When such
findings of fact and conclusions of law are not made in a trial to the court, the judgment implies all necessary fact findings
to support it. Id. We will uphold the judgment on any applicable theory. Id.

 Rule 13 requires that the trial court provide notice and hold an evidentiary hearing to make the necessary factual
determinations about the motives and credibility of the person signing the groundless petition. Aldine Indep. Sch. Dist. v.
Baty, 946 S.W.2d 851, 852 (Tex. App.--Houston [14th Dist.] 1997), rev'd on other grounds, 999 S.W.2d 113 (Tex. 1999);
New York Underwriters, 856 S.W.2d 194 at 205. Without hearing evidence on the circumstances surrounding the filing of
the pleading and the signer's credibility and motives, a trial court has no evidence to determine that a pleading was filed in
bad faith or to harass. New York Underwriters, 856 S.W.2d at 205. Imposing sanctions without the requisite notice and
hearing also violates the requirements of due process. Aldine, 946 S.W.2d at 852. 

 The record in this case reflects the trial court granted CP&L's request for $7500 in attorney's fees as sanctions against
appellants' counsel at the conclusion of the hearing on CP&L's motion for entry of judgment. Although CP&L filed no
separate motion for sanctions, its motion for entry of judgment clearly identifies the allegations it contends are groundless
and brought in bad faith. The motion for entry of judgment concludes, ". . . that the Plaintiffs' allegations above . . were
brought groundlessly and in bad faith, and accordingly, CPL should be awarded reasonable attorney's fees as may be
demonstrated." We conclude CP&L's motion provided adequate notice of its intention to seek attorney's fees pursuant to
rule 13. 

 The record reflects, however, that no evidence was presented at the hearing concerning the facts available to appellants and
the circumstances existing at the time the challenged pleadings were filed. Similarly, no evidence was presented concerning
whether at the time the pleading was filed, the legal arguments asserted were "warranted by good faith argument for the
extension, modification, or reversal of existing law." See Scheppler, 815 S.W.2d at 889 (quoting Tex. R. Civ. P. 13). We
hold that without hearing evidence on the circumstances surrounding the filing of the pleading and the signer's credibility
and motives, the trial court had no evidence to determine that appellants and/or their attorneys filed the pleading in bad
faith or to harass. See New York Underwriters, 856 S.W.2d at 205. 

 In addition, the trial court's order failed to state that appellants' pleadings were both groundless and brought in bad faith. 
Tex. R. Civ. P. 13. The order provides, "[f]urther, having concluded that the attorney for the Plaintiffs filed pleadings
without basis, the Court finds that the Plaintiffs' attorney shall be ordered to pay Defendants an amount of $7500. . . ." 

 We hold the trial court, in failing to follow the requirements of rule 13, abused its discretion. Accordingly, we sustain
appellants' fifth issue and remand this case to allow the trial court to conduct an evidentiary hearing for rule 13 sanctions in
compliance with the rule's requirements. 

Factual Insufficiency Challenge

 In their sixth issue, appellants contend the trial court erred in accepting a verdict which was against the great weight and
preponderance of the evidence. Appellants maintain the evidence presented at trial was factually sufficient to establish
CP&L's negligence. 

 In reviewing a factual sufficiency point, "the court of appeals must weigh all of the evidence in the record." Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996). Findings may be overturned only if they are against the great weight and preponderance
of the evidence as to be clearly wrong and unjust. Id. "A cause of action for negligence requires the plaintiffs to prove
three elements: 1) a legal duty by one person to another; 2) a breach of that duty; and 3) damages proximately resulting
from that breach." Prasal v. Johnson, 967 S.W.2d 391 (Tex. 1998); Whitehead v. Tobias, 7 S.W.3d 658, 661 (Tex.
App.--Texarkana 1999, no pet.). The question for us to determine is whether appellants provided conclusive proof that
these elements were met. 

 Appellants contend the evidence established CP&L's negligence in that CP&L failed to inform Del Starr that the lighting it
requested was inadequate to function as security lighting for the parking lot and carports. They also argue CP&L was
negligent in failing to offer or suggest to Del Starr that it needed floodlighting to provide adequate lighting underneath the
carports. However, appellants failed to establish all the elements of a negligence cause of action. Specifically, appellants
failed to establish CP&L's duty to the appellants. 

 Appellants argue that the uncontroverted evidence contained in the report of their expert, Michael Janoff, bore directly on
the issue of negligence. Although CP&L did not introduce expert testimony during trial, appellants' expert testimony is
alone insufficient to establish CP&L's negligence. The report submitted by appellants' expert speaks to the issue of
inadequate lighting at Del Starr. Appellants also testified about inadequate lighting at the time of the assault. However,
appellants failed to clearly establish any duty owed Del Starr by CP&L. The only testimony discussing a possible duty
owed by CP&L was by Michelle Green, Del Starr's employee who initially ordered the upgrade in lighting from CP&L. 
She described that duty as merely maintaining the lights that appellee had installed. CP&L had no duty to inform Del Starr
that the lighting it ordered was inadequate to light up the parking lot and carports. Roland Vasquez, CP&L's representative,
even testified that he "informed [Michelle Green] she needed to get an electrician and consult him," regarding lighting the
carport areas. The record does not reflect that CP&L had a duty to suggest or recommend floodlighting to light up the
carports. Even assuming there was a duty owed Del Starr by CP&L, appellants failed to provide any evidence that such a
duty extended to appellants. 

 The jury, as factfinder, is the judge of the credibility of witnesses and weight to be accorded their testimony. Southwestern
Bell Mobile Sys., Inc. v. Franco, 951 S.W.2d 218, 221 (Tex. App.--Corpus Christi 1997), rev'd on other grounds, 971
S.W.2d 52 (Tex. 1998) (citing Benoit v. Wilson, 239 S.W.2d 792, 796 (Tex. 1951)). Because the appellate court is not the
fact finder, it may not substitute its own judgment for that of the trier of fact, even if a different answer could be reached on
the evidence. Mayes v. Stewart, 11 S.W.3d 440, 451 (Tex. App.--Houston [14th Dist.] 2000, pet. denied). The amount of
evidence necessary to affirm judgment is far less than that which is necessary to reverse a judgment. Id. Reviewing the
record, we conclude there was sufficient evidence for the jury to find against appellants. We overrule appellants' sixth
issue. 

 We affirm the trial court's judgment in part, and reverse in part. We affirm the judgment denying appellants' motion to
strike (issue 1); granting directed verdict in CP&L's favor on appellants' DTPA and breach of contract claims (issues two
and three); excluding certain evidence (issue four); and accepting the jury's verdict (issue six). We reverse the trial court's
sanction order (issue five) and remand this cause for further proceedings on CP&L's claims for relief under rule 13 against
appellants. 

 

__________________________________ 

LINDA REYNA YAÑEZ 

Justice 



Do not publish. Tex. R. App. P. 47.3. 



Opinion delivered and filed this the 

31st day of August, 2000. 

1. Tex. Bus. & Com. Code Ann. § 17.41 et seq. (Vernon 1987 and Supp. 2000).

2. Appellants initially filed suit against multiple defendants, including S&S Properties d/b/a Del Starr Properties, the City
of Corpus Christi, CP&L, and several individuals. Subsequent petitions also named local and federal entities involved with
housing as defendants. All defendants except CP&L were either non-suited or dismissed by the trial court.

3. See Tex. R. Civ. P. 13.