In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00150-CV


______________________________




GLORIA STYERS, Appellant



V.



SCHINDLER ELEVATOR CORPORATION, Appellee




 


On Appeal from the 215th Judicial District Court


Harris County, Texas


Trial Court No. 99-32360




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Gloria Styers sued Schindler Elevator Corporation for negligence, alleging she sustained
physical injuries after the elevator in which she was riding failed, causing her to fall when it came
to an abrupt stop. Following a take-nothing jury verdict, Styers presents two points of error on
appeal. First, Styers contends the trial court erred in denying her motions to strike four prospective
jurors for cause, alleging they were biased or prejudiced against her case. Second, Styers asserts the
trial court erred in submitting definitions in the jury charge that were defective, constituted an
erroneous statement of the law, or amounted to impermissible commentary on the weight of the
evidence. 

 Before the jury was empaneled, Styers moved to strike sixteen veniremembers for cause,
claiming their responses during voir dire demonstrated bias or prejudice. After the trial court struck
five of the sixteen veniremembers for cause and the parties exercised their peremptory challenges,
four were empaneled over Styers' renewed objection. In the charge conference following the
presentation of the evidence, the trial court overruled Styers' objection to the modified definitions
of "negligence" and "ordinary care" in which the word person was replaced with the term elevator
company. 

ANALYSIS

 In her first point of error, Styers claims the trial court erroneously denied her motion to strike
four veniremembers (numbers16, 18, 19, and 30) for cause despite these veniremembers having
displayed bias or prejudice. In making such a claim, an appellant must either demonstrate (1) that
a veniremember's bias or prejudice is established as a matter of law, thereby disqualifying that person
from jury service or, if inconclusive as a matter of law, (2) that the trial court abused its discretion
in making its factual determination as to disqualification. Tex. Gov't Code Ann. § 62.105 (Vernon
1998); Malone v. Foster, 977 S.W.2d 562, 564 (Tex. 1998). This Court has previously stated that
a trial court, in the exercise of its discretion, "is obligated to disqualify a juror only if it finds that the
juror's state of mind leads to the natural inference that the juror will not act impartially." Compton
v. Henrie, 364 S.W.2d 179, 182 (Tex. 1963); Buls v. Fuselier, 55 S.W.3d 204, 209 (Tex.
App.-Texarkana 2001, no pet.) (citing Goode v. Shoukfeh, 943 S.W.2d 441, 453 (Tex. 1997)). The
veniremembers' statements at issue on appeal establish neither bias nor prejudice as a matter of law,
nor do they indicate that the veniremembers would fail to act impartially as jurors.

 Styers asserts that Veniremembers 16 and 19 admitted bias or prejudice when they responded
to questions concerning mental anguish damages. Styers argues that bias or prejudice was indicated
when Veniremember 16 said he "would have a hard time awarding [mental anguish damages]." 
Even if Styers' argument was correct and difficulty was the standard, the record clearly reflects
Veniremember 16 stated his intent to base his decision on the evidence presented.

 [Question:] . . . [A]re you then telling me that you would have a serious
problem awarding money for mental anguish even if the evidence came in?


 [Answer]: It would depend entirely on how the evidence is presented and
how compelling that evidence is. Because we're talking about an intangible here. 
And whether or not the evidence is able to convince me that there was a basis for that
worry and that it is logical and real. That would go a long ways towards weighing
in what I think would be an appropriate award. 


When Styers' counsel questioned Veniremember 19 about mental anguish damages, he similarly
indicated he would reserve judgment until after hearing all the facts. Styers' counsel attempted to
clarify an earlier response by stating: "[W]hat you're basically saying is . . . [if there] was evidence
in the record of mental anguish, concern, however we define it, that even though Texas law permits
the award of that, even though you might believe the evidence was there demonstrating that, that
notwithstanding that, you would vote zero." Veniremember 19 replied: "No. I couldn't make that
accurate decision until I heard all the facts." 

 Styers correctly states that juror disqualification for bias or prejudice extends to both the
litigant and the subject matter of the litigation, Compton, 364 S.W.2d at 182; however, contrary to
Styers' contention, the evidence fails to establish Veniremember 18 exhibited bias or prejudice for
or against either. Simply because Veniremember 18, based on her own experience as an ultrasound
technician, expressed concern about the fairness of a technician becoming involved in a lawsuit
against his or her employer, it does not follow she should be disqualified from jury service as a
matter of law. When Veniremember 18 was asked in both Styers' and Schindler's voir dire
examinations whether there was anything about her own experience as a technician that might cause
her to be impartial or unfair, she acknowledged that her experience had nothing to do with this case
and clearly indicated she would not be unfair. 

 Styers contends Veniremember 30's statements also reflected an inability to be fair and
should, therefore, have been disqualified. Veniremember 30 did express some reservation as to his
ability to "give a fair adjustment or statement on the situation" and that he might be influenced by
an unrelated case in which he was deposed; however, when asked what it was that might cloud his
ability to be a fair juror, he responded by saying he did not think he "could give a fair assessment
until [he] heard everything." (Emphasis added.) Although in context Veniremember 30's responses
may have been somewhat equivocal, they did not amount to bias or prejudice as a matter of law and
it fell squarely within the discretion of the trial court to overrule Styers' challenge for cause.

 As the record fails to support Styers' assertion that Veniremembers 16, 18, 19, and 30 were
biased or prejudiced as a matter of law, we "must consider all the evidence in the light most
favorable to upholding the trial court's ruling" and, absent an abuse of discretion, should leave that
ruling undisturbed. Gant v. Dumas Glass & Mirror, Inc., 935 S.W.2d 202, 207 (Tex. App.-Amarillo
1996, no writ). We conclude that none of the statements complained of lead to the natural inference
that the veniremembers would be unable to act fairly and impartially as jurors; instead, they suggest
the four veniremembers were willing to reach their decisions only after weighing the evidence
presented. Finding no evidence of an abuse of discretion, the trial court's determination as to juror
qualification should be sustained.

 In her second point of error, Styers asserts the trial court erred in modifying the definitions
of "negligence" and "ordinary care" by replacing the word person with the term elevator company,
claiming  this  alteration  (1)  rendered  the  submitted  definitions  in  the  jury  charge  defective,
(2) constituted an erroneous statement of the law, or (3) amounted to impermissible commentary on
the weight of the evidence. This argument is without merit. Trial courts are not required to
reproduce pattern jury charges with exactness, but are accorded broad discretion in submitting issues
that are logical, simple, fair, legally correct, and complete. Hyundai Motor Co. v. Rodriguez, 995
S.W.2d 661, 664 (Tex. 1999). In submitting definitions to assist the jury, the trial court has even
more discretion as long as the definition is itself reasonably clear in performing its function. Harris
v. Harris, 765 S.W.2d 798, 801 (Tex. App.-Houston [14th Dist.] 1989, writ denied).

 Contrary to Styers' claim that the substitutions in the definitions of "negligence" and
"ordinary care" misled or confused the jury, the trial court appropriately adapted the definitions to
the facts and pleadings of the case, thereby minimizing the likelihood of confusion. The substitution
of elevator company for person did not prevent the jury from considering the negligence of 
Schindler's employee, since any action within his scope of responsibility was encompassed in
contemplating Schindler's alleged negligence as a whole. Considering the entirety of the pleadings,
evidence, and charge, even if such a substitution did amount to error, it would not constitute
reversible error. Alleged error in the jury charge "will be deemed reversible only if, when viewed
in the light of the totality of these circumstances, it amounted to such a denial of the rights of the
complaining party as was reasonably calculated and probably did cause the rendition of an improper
judgment." Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n, 710 S.W.2d 551, 555
(Tex. 1986). The record fails to support such a finding.

 We conclude that the veniremembers' statements at issue on appeal establish neither bias nor
prejudice as a matter of law, nor do they indicate an inability to act impartially. We also hold there
was no error in modifying the definitions submitted in the charge. 

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 27, 2003

Date Decided: September 5, 2003













stance, to-wit: Cocaine" and "2) . . . use[d] a controlled
substance, to-wit: Alcohol." The trial court found, that in the judgment, Tovar "did then and there
consume or ingest cocaine" and "did then and there consume or ingest alcohol." Even if there is a
variance between the allegations and the evidence at trial, the variance is immaterial since Tovar has
failed to show his substantial rights were prejudiced. See Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001); see also Fuller v. State, 73 S.W.3d 250, 253 (Tex. Crim. App. 2002). The
evidence at the revocation hearing and the judgment are identical. As discussed above, Tovar signed
a stipulation of evidence which provided he "did then and there consume or ingest Cocaine" identical
to the wording contained in the judgment. A person who consumes or ingests cocaine does not
abstain from use of cocaine. There is sufficient evidence to support the trial court's finding that
Tovar consumed or ingested cocaine.

 Proof of a single violation is sufficient to support revocation of community supervision.
O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); see Stevens v. State, 900 S.W.2d 348
(Tex. App.--Texarkana 1995, pet. ref'd). Because the State provided sufficient proof that Tovar
violated a condition of his community supervision by using cocaine, there is no need to determine
whether Tovar violated his community supervision by consuming a dessert containing alcohol. (2) We
overrule Tovar's second point of error.

Tovar Has Failed to Show the Sentence Was Cruel and Unusual Punishment

 In his remaining point of error, Tovar contends (3) the sentence imposed by the trial court was
disproportionate to the offense, citing Solem v. Helm, 463 U.S. 277 (1983). Tovar offered evidence
that he is the father of two children who rely on him for child support and that he had a good, steady
job which he had held for six years working for a tree service. According to Tovar, the trial court
should have merely modified his community supervision so that he could be admitted to a drug
treatment facility. Tovar argues, when one considers the mitigating factors, a sentence of two years
is grossly disproportionate. We disagree.

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Possession of less
than a gram of a controlled substance in penalty group one is a state-jail felony. See Tex. Health
& Safety Code Ann. § 481.115. The punishment range for a state-jail felony is imprisonment for
"not more than two years or less than 180 days." Tex. Penal Code Ann. § 12.35 (Vernon 2003). 
Tovar's sentence is within the statutory range. 

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Harmelin v. Michigan, 501 U.S. 957 (1991) (Scalia, J., plurality op.); Solem, 463
U.S. at 290; Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.--Texarkana 1999, no pet.); Lackey
v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd). 

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence, and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--(1) sentences for similar
crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. 
McGruder, 954 F.2d at 316; Mullins v. State, No. 06-06-00044-CR, 2006 Tex. App. LEXIS 10072,
at *3 (Tex. App.--Texarkana Nov. 21, 2006, no pet.); Lackey, 881 S.W.2d at 420-21. 

 We cannot say that the gravity of the offense is grossly disproportionate to the severity of the
sentence. Further, there is no evidence in the record comparing the sentence with the sentences
imposed against other defendants in this or other jurisdictions who committed a similar offense. See
Fluellen v. State, 71 S.W.3d 870, 873 (Tex. App.--Texarkana 2002, pet. ref'd); Latham v. State, 20
S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd). We overrule Tovar's third point of error.

Conclusion

 Because the error in the judgment is merely a clerical error, the judgment is not void. The
trial court did not abuse its discretion in revoking Tovar's community supervision. There is
sufficient evidence that Tovar used cocaine in violation of his community supervision, and a single
violation is sufficient to support a revocation of community supervision. Finally, Tovar has failed
to show his punishment violated the Eighth Amendment.

 We modify the judgment to reflect Tovar was convicted of possession of a controlled
substance in penalty group one in an amount less than one gram under Section 481.115 of the Texas
Health and Safety Code. We affirm the judgment as modified. (4)



 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: February 9, 2007


Do Not Publish

1. We note Tovar also argues the judgment poses a potential double jeopardy violation. 
Because the judgment merely describes the offense as "possession of a controlled substance in
penalty group one of the Texas Controlled Substances Act," Tovar contends the judgment is not
definite enough to preclude another prosecution for the same offense. This argument is multifarious
and is overruled as such. See Tex. R. App. P. 38.1. In addition, Tovar has not preserved this issue
for our review. A defendant may waive the right not to be twice placed in jeopardy for the same
offense. King v. State, 161 S.W.3d 264, 267-68 (Tex. App.--Texarkana 2005, pet. ref'd). A double
jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack only
"when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of
the record, and when (2) the enforcement of the usual rules of procedural default serves no legitimate
state interests." Id. at 268. Further, there is no evidence Tovar has been subjected to a second
prosecution for the same offense.
2. Carlila Certa, Tovar's niece, testified that she prepared a dessert called a "Rum Poppy" and
that Tovar ate some of this dessert. Certa testified the dessert was "kinda like Jell-O" and contains
liquor. Tovar urges this Court to take judicial notice that Jell-O is made by stirring boiling water into
gelatin in a bowl and that the boiling point of water is greater than the boiling point of ethanol. 
Because there is sufficient evidence Tovar used cocaine, it is not necessary for us to decide whether
the trial court abused its discretion in revoking Tovar's community supervision based on this
allegation.
3. We note Tovar also argues the trial court failed to consider the whole range of punishment. 
During the hearing, the trial court expressed its opinion that the Legislature's decision to require
mandatory community supervision for a first offense of possession of a controlled substance was an
"act of stupidity" and "[t]hat law was a bad one . . . ." The State contends the trial court's comments
were merely in response to an argument advanced by defense counsel. We agree with the State. 
Tovar's attorney argued to the court that "the legislature very wisely, when it set up this category of
crime as a mandatory probated sentence, had in mind that probation is rehabilitation was the way to
go. Mr. Tovar had not been on probation long enough for rehabilitation to start working yet." Read
in context, the trial court's statements were a response to arguments made by defense counsel rather
than a refusal to consider the entire range of punishment. The trial court did state, "Probation is a
grant of mercy. It's appropriate at times, . . . ." Tovar has not shown that the trial court refused to
consider the full range of punishment. 
4. We also note the judgment contains the entry underneath the caption "Plea to Motion to
Revoke" is "True." We modify the judgment to reflect a plea of "true" to use of cocaine and a plea
of "not true" to the use of alcohol.