Gloria STYERS, Appellant,

v.

SCHINDLER ELEVATOR
CORPORATION,
Appellee.

No. 06–02–00150–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 27, 2003.

Decided Sept. 5, 2003.

Craig Lewis and John J. Klevenhagen III, Gallagher, Lewis, Downey & Kim, Houston, for appellant.

David R. Tippetts and Brenton P. Monteleone, Pillsbury Winthrop, LLP, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Gloria Styers sued Schindler Elevator Corporation for negligence, alleging she sustained physical injuries after the elevator in which she was riding failed, causing her to fall when it came to an abrupt stop. Following a take-nothing jury verdict, Styers presents two points of error on appeal. First, Styers contends the trial court erred in denying her motions to strike four prospective jurors for cause, alleging they were biased or prejudiced against her case. Second, Styers asserts the trial court erred in submitting definitions in the jury charge that were defective, constituted an erroneous statement of the law, or amounted to impermissible commentary on the weight of the evidence.

Before the jury was empaneled, Styers moved to strike sixteen veniremembers for cause, claiming their responses during voir dire demonstrated bias or prejudice. After the trial court struck five of the sixteen veniremembers for cause and the parties exercised their peremptory challenges, four were empaneled over Styers' renewed objection. In the charge conference fol-

lowing the presentation of the evidence, the trial court overruled Styers' objection to the modified definitions of "negligence" and "ordinary care" in which the word *person* was replaced with the term *elevator company*.

ANALYSIS

In her first point of error, Styers claims the trial court erroneously denied her motion to strike four veniremembers (numbers16, 18, 19, and 30) for cause despite these veniremembers having displayed bias or prejudice. In making such a claim, an appellant must either demonstrate (1) that a veniremember's bias or prejudice is established as a matter of law, thereby disqualifying that person from jury service or, if inconclusive as a matter of law, (2) that the trial court abused its discretion in making its factual determination as to disqualification. TEX. GOV'T CODE ANN. § 62.105 (Vernon 1998); *Malone v. Foster*, 977 S.W.2d 562, 564 (Tex.1998). This Court has previously stated that a trial court, in the exercise of its discretion, "is obligated to disqualify a juror only if it finds that the juror's state of mind leads to the natural inference that the juror will not act impartially." *Compton v. Henrie*, 364 S.W.2d 179, 182 (Tex.1963); *Buls v. Fuselier*, 55 S.W.3d 204, 209 (Tex.App.-Texarkana 2001, no pet.) (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 453 (Tex.1997)). The veniremembers' statements at issue on appeal establish neither bias nor prejudice as a matter of law, nor do they indicate that the veniremembers would fail to act impartially as jurors.

■ Styers asserts that Veniremembers 16 and 19 admitted bias or prejudice when they responded to questions concerning mental anguish damages. Styers argues that bias or prejudice was indicated when Veniremember 16 said he "would have a hard time awarding [mental anguish damages]." Even if Styers' argument was cor-

rect and *difficulty* was the standard, the record clearly reflects Veniremember 16 stated his intent to base his decision on the evidence presented.

> [Question:] ... [A]re you then telling me that you would have a serious problem awarding money for mental anguish even if the evidence came in?
>
> [Answer]: It would depend entirely on how the evidence is presented and how compelling that evidence is. Because we're talking about an intangible here. And whether or not the evidence is able to convince me that there was a basis for that worry and that it is logical and real. That would go a long ways towards weighing in what I think would be an appropriate award.

When Styers' counsel questioned Veniremember 19 about mental anguish damages, he similarly indicated he would reserve judgment until after hearing all the facts. Styers' counsel attempted to clarify an earlier response by stating: "[W]hat you're basically saying is ... [if there] was evidence in the record of mental anguish, concern, however we define it, that even though Texas law permits the award of that, even though you might believe the evidence was there demonstrating that, that notwithstanding that, you would vote zero." Veniremember 19 replied: "No. I couldn't make that accurate decision until I heard all the facts."

■ Styers correctly states that juror disqualification for bias or prejudice extends to both the litigant and the subject matter of the litigation, *Compton*, 364 S.W.2d at 182; however, contrary to Styers' contention, the evidence fails to establish Veniremember 18 exhibited bias or prejudice for or against either. Simply because Veniremember 18, based on her own experience as an ultrasound technician, expressed concern about the fairness of a technician becoming involved in a

lawsuit against his or her employer, it does not follow she should be disqualified from jury service as a matter of law. When Veniremember 18 was asked in both Styers' and Schindler's voir dire examinations whether there was anything about her own experience as a technician that might cause her to be impartial or unfair, she acknowledged that her experience had nothing to do with this case and clearly indicated she would not be unfair.

■ Styers contends Veniremember 30's statements also reflected an inability to be fair and should, therefore, have been disqualified. Veniremember 30 did express some reservation as to his ability to "give a fair adjustment or statement on the situation" and that he might be influenced by an unrelated case in which he was deposed; however, when asked what it was that might cloud his ability to be a fair juror, he responded by saying he did not think he "could give a fair assessment *until [he] heard everything.*" (Emphasis added.) Although in context Veniremember 30's responses may have been somewhat equivocal, they did not amount to bias or prejudice as a matter of law and it fell squarely within the discretion of the trial court to overrule Styers' challenge for cause.

■ As the record fails to support Styers' assertion that Veniremembers 16, 18, 19, and 30 were biased or prejudiced as a matter of law, we "must consider all the evidence in the light most favorable to upholding the trial court's ruling" and, absent an abuse of discretion, should leave that ruling undisturbed. *Gant v. Dumas Glass & Mirror, Inc.,* 935 S.W.2d 202, 207 (Tex.App.-Amarillo 1996, no writ). We conclude that none of the statements complained of lead to the natural inference that the veniremembers would be unable to act fairly and impartially as jurors; instead, they suggest the four venire-members were willing to reach their decisions only after weighing the evidence presented. Finding no evidence of an abuse of discretion, the trial court's determination as to juror qualification should be sustained.

■ In her second point of error, Styers asserts the trial court erred in modifying the definitions of "negligence" and "ordinary care" by replacing the word *person* with the term *elevator company,* claiming this alteration (1) rendered the submitted definitions in the jury charge defective, (2) constituted an erroneous statement of the law, or (3) amounted to impermissible commentary on the weight of the evidence. This argument is without merit. Trial courts are not required to reproduce pattern jury charges with exactness, but are accorded broad discretion in submitting issues that are logical, simple, fair, legally correct, and complete. *Hyundai Motor Co. v. Rodriguez,* 995 S.W.2d 661, 664 (Tex.1999). In submitting definitions to assist the jury, the trial court has even more discretion as long as the definition is itself reasonably clear in performing its function. *Harris v. Harris,* 765 S.W.2d 798, 801 (Tex.App.-Houston [14th Dist.] 1989, writ denied).

■ Contrary to Styers' claim that the substitutions in the definitions of "negligence" and "ordinary care" misled or confused the jury, the trial court appropriately adapted the definitions to the facts and pleadings of the case, thereby minimizing the likelihood of confusion. The substitution of *elevator company* for *person* did not prevent the jury from considering the negligence of Schindler's employee, since any action within his scope of responsibility was encompassed in contemplating Schindler's alleged negligence as a whole. Considering the entirety of the pleadings, evidence, and charge, even if such a substi-

tution did amount to error, it would not constitute reversible error. Alleged error in the jury charge "will be deemed reversible only if, when viewed in the light of the totality of these circumstances, it amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment." *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986). The record fails to support such a finding.

We conclude that the veniremembers' statements at issue on appeal establish neither bias nor prejudice as a matter of law, nor do they indicate an inability to act impartially. We also hold there was no error in modifying the definitions submitted in the charge.

We affirm the judgment of the trial court.