### Dr. Salah El HAFI and Cardiology Clinic, P.A., Petitioners,

v.

### Keith BAKER, Individually, Ian Baker, Individually and as Representative of the Estate of Jean Baker, Respondents.

#### No. 04–0926.

#### Supreme Court of Texas.

#### May 13, 2005.

---

**384**

Trace Jeffrey Sherer, Christopher L. Farmer, Hilburn Sherer, P.L.L.C., Houston, TX, for Petitioner.

Jack E. McGehee, James V. Pianelli, McGehee & Pianelli, L.L.P., Timothy D. Riley, Riley Law Firm, Houston, TX, for Respondents.

PER CURIAM.

The question in this case is whether a veniremember was biased as a matter of law. The court of appeals held that the veniremember was biased. 2004 WL 1921232. We disagree.

Keith and Ian Baker sued Dr. Salah El Hafi and Cardiology Clinic, P.A., alleging medical malpractice that caused the death of their mother, Jean Baker. During voir dire, the following exchange occurred:

Counsel: Okay. Is there anybody here that feels that you could not sit on a medical case and make a decision as to whether the doctor acted within or below the standard of care? . . .

How about on the third row? . . . No. 25 [hand raised] . . .

Juror 25: I'm not saying I want to [sic] be impartial. If I were in your shoes, I would want to know that I have spent most of my professional career on the defense side.

Counsel: Are you a lawyer?

Juror 25: Yes.

Counsel: Who are you with?

Juror 25: Preston and Calvert.

Counsel: Okay. And you actually defend health care operations?

Juror 25: Correct.

Counsel: Let me ask you: in all fairness, do you think that if this were a horse race so to speak, the plantiff's [sic] are starting a little bit behind in your eyes?

Juror 25: I mean—I'm not saying that—I would do my best to be objective. I'm just saying that if I were in your shoes I might consider you towards as the attorney who spend [sic] most of his career defending malpractice lawsuits.

Counsel: You feel like you can relate very much to the defendant's [sic] lawyers in this case? Is that fair?

Juror 25: That's correct.

Counsel: You feel like you would tend to look at it from their perspective as more of the plaintiff's [sic] perspective?

Juror 25: I think it would be natural.

The trial court denied the Bakers' challenge for cause to veniremember 25, as well as challenges to veniremembers 31 and 34. The trial court rendered judgment on the jury's take-nothing verdict in favor of Dr. El Hafi.

On appeal, the Bakers argued that veniremembers 25, 31, and 34 were biased as a matter of law and should have been excluded for cause. The court of appeals agreed that veniremember 25 was biased as a matter of law, reversed the trial court's judgment, and remanded the case for a new trial. 2004 WL 1921232. The court of appeals did not consider whether veniremembers 31 and 34 were also biased.

▮▮▮ A bias is disqualifying if "it [ ] appear[s] that the state of mind of the juror leads to the natural inference that he will not or did not act with impartiality." *Compton v. Henrie*, 364 S.W.2d 179, 182 (Tex.1963). "[T]he relevant inquiry is not where jurors *start* but where they are likely to *end.*" *Cortez v. HCCI–San Antonio, Inc.*, 159 S.W.3d 87, 93 (Tex.2005). We therefore recently held in *Cortez* that a veniremember was not disqualified merely for having a better understanding of the defendant's side, even though he stated that "in a way," the defendant was "starting out ahead." *Id.* at 94.

▮▮▮ Here, the veniremember protested when counsel suggested that perhaps, in his mind, the plaintiffs were "starting out a little behind." He further explained that he "would do [his] best to be objective." The veniremember's most "biased" statements were his affirmative answers to leading questions suggesting that because of his career as a defense attorney, he could relate to the defendants' attorneys and might see things more from the defen-

dants' perspective. Having a perspective based on "knowledge and experience" does not make a veniremember biased as a matter of law. *See Cortez*, 159 S.W.3d at 93. Taken as a whole, veniremember 25's statements reflect more of an attempt to "speak the truth" so that the examining counsel could intelligently exercise peremptory challenges rather than any genuine bias. He twice reminded the examining counsel, "[i]f I were in your shoes, I would want to know that I have spent most of my professional career on the defense side."

The Bakers argue that *Shepherd v. Ledford*, 962 S.W.2d 28 (Tex.1998) is indistinguishable. In *Shepherd*, counsel asked the venire panel whether anyone, "based upon your past experience, you could not be fair and objective. . . ." *Id.* at 34. Veniremember Somerville answered in the affirmative and was struck. Then, veniremember Guerra stated, "I feel the same way." *Id.* We held that the trial court erred in denying the motion to strike Guerra. As we explained in *Cortez*, it was Guerra's agreement with counsel's suggestion that he could not be fair and objective that proved his bias. *See Cortez*, 159 S.W.3d at 94. His other comments merely explained the reasons behind his bias. Here, the veniremember *disagreed* with every suggestion that he could not be fair and objective. His answers do not reflect a disqualifying bias.

Therefore, without hearing oral argument, we reverse the judgment of the court of appeals and remand the cause to that court for consideration of the Bakers' remaining issues. *See* Tex.R.App. P. 59.1.

Justice JOHNSON did not participate in the decision.