NUMBER 13-03-397-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

KEITH BAKER, INDIVIDUALLY, AND 

IAN BAKER, INDIVIDUALLY AND AS  

REPRESENTATIVE OF THE ESTATE 

OF JEAN BAKER,                                                                          Appellants,

 

                                                             v.                                

 

DR. SALAH, EL HAFI, AND 

CARDIOLOGY CLINIC, P.A.,                                                Appellees.

 

       On
appeal from the Probate Court No. 1 of Harris County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza 

                            Memorandum
Opinion by Justice Garza

 








Appellants, Keith Baker, individually, and Ian
Baker, individually and as independent executor of the estate of Jean Baker,
deceased, brought a medical malpractice suit against appellees, Dr. Salah El
Hafi and Cardiology Clinic P.A., for the death of their mother.  The case was tried before a jury, and a
take-nothing judgment in favor of appellees was entered.  On appeal, this Court concluded that
veniremember 25 expressed bias during voir dire examination and  reversed the take-nothing judgment based on
the trial court=s refusal to disqualify him.  Baker v. El Hafi, No. 13‑03‑397‑CV,
2004 Tex. App. LEXIS 7882, *1 (Tex. App.CCorpus Christi, August 30, 2004) (memorandum
opinion), rev=d and remanded, El Hafi v. Baker, 164 S.W.3d 383 (Tex. 2005) (per
curiam).  Thereafter, the supreme court
decided Cortez ex rel. Estate of Puentes v. HCCI‑San Antonio, Inc.,
159 S.W.3d 87 (Tex. 2005).  On petition
for review, the supreme court applied its Cortez precedent, held that
veniremember 25 was not biased, and reversed our decision.  El Hafi v. Baker, 164 S.W.3d 383 (Tex.
2005) (per curiam).  The case was
remanded to this Court for consideration of whether veniremembers 31 and 34
were biased.  Id.  In light of the supreme court=s conclusion regarding veniremember 25 and its
precedent in Cortez, we conclude veniremembers 31 and 34 were not biased
as a matter of law and, accordingly, affirm the judgment of the trial court.

Appellants argue the following exchange involving
veniremembers 31 and 34 demonstrates bias as a matter of law:

COUNSEL:   Anybody else on the last row?  How about in the row over here                       on the side?  Yes ma=am No. 31.

 

JUROR 31:   Well, I sort of feel like the guy who just
spoke [venire panel member 25], said it real well for me.  But I=m in a personal situation where my brother-in-law
just died as a result of a surgery that went bad and my sister-in-law is
suing.  And I was there for the whole
time and know as much as she knows and I=m on the doctor=s side.  So
you need to know that.

 








COUNSEL:   Well, let me ask you: Do you feel like you
would have a leaning in a little bit in favor of the doctor in this case based
on your experience with your brother-in-law? 
Was it your brother-in-law?  

 

JUROR 31:   Brother-in-law.  I would want to be fair and I would want to
hear everything, but I=ve just been in the situation.

 

COUNSEL:   Okay.

 

JUROR 31:   There were a lot of unanswered questions that
still are unanswered, but I would give the benefit of the doubt to the doctor.

 

COUNSEL:   Okay. 
Right.  You=re telling me that you would try to be fair, but as
you sit there today you realize that your experience would be such you would
probably have a tendency to give the benefit of the doubt to the doctor in most
medical cases?

 

JUROR 31:   Right. 
Because I=m in the middle of the real, live situation right
now. 

 

COUNSEL:   Okay. 
Thank you for speaking up. 
Anybody else in the fifth row?

 

JUROR 34:   I would have to second that.  My father is a physician. So I=ve sort of grown up listening to a lot of discussion
about the medical industry versus attorney industry.

 

COUNSEL:   You=re No. 34?

 

JUROR 34:   That=s correct.  I=m sorry.

 

COUNSEL:   And you feel like you would be leaning in
favor of the doctor?

 

JUROR 34:   I would like to tell you that I would be very
impartial, but I just start off with leaning for the physician.

 








A bias is disqualifying if Ait appear[s] that the state of mind of the juror
leads to the natural inference that he will not or did not act with
impartiality.@  Compton
v. Henrie, 364 S.W.2d 179, 182 (Tex. 1963). 
A[T]he relevant inquiry is not where jurors start
but where they are likely to end.@ Cortez, 159 S.W.3d at 94. A veniremember is
not disqualified even though he states that Ain a
way,@ the defendant is Astarting
out ahead.@  Id.  In reviewing the decision of the trial court,
we must consider the entire examination, not just answers that favor one
litigant or the other. Id. at 93. 


Veniremember 31 stated that she felt like
veniremember 25, who had stated he could relate to the defendant.   She further added that her personal situation
would cause her to give the benefit of the doubt to the doctor.  But upon further examination by the court,
she clarified she was referring to the doctor in her brother-in-law=s case and not to Dr. El Hafi.  She added she could be a fair and impartial
juror.

Veniremember 34 agreed with number 31 and stated he
would start off leaning for the physician. 
Upon further examination by the court, he also stated he could be fair
and impartial.

We conclude the statements made by veniremembers 31
and 34 fall squarely within Cortez and do not amount to bias as a matter
of law.  Accordingly, we overrule
appellant=s remaining issues and affirm the judgment of the
trial court. 

 

 

_______________________                                                                                            DORI CONTRERAS GARZA,                                                                                             Justice

 

Memorandum Opinion delivered and 

filed this the 11th day of August, 2005.