NUMBER 13-03-662-CV

 

                                 COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                         CORPUS CHRISTI -
EDINBURG

___________________________________________________________________

 

MICHAEL JONES,                                                                             Appellant,

 

                                                             v.

 

B. N. LAKSHMIKANTH, M.D.,                                                           Appellee.

___________________________________________________________________

 

                            On appeal from the 103rd District Court

                                       of Cameron County, Texas.

___________________________________________________  _______________

 

                               MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 

Appellant,
Michael Jones, appeals a take-nothing judgment entered against him in his
medical malpractice suit against appellee, B.N. Lakshmikanth, M.D.  By four issues, appellant contends that the
trial court erred when it denied his challenges for cause as to veniremembers
2, 8, 20, 23, 25, 27.  We affirm.








I.  Background

As this is a memorandum opinion and the parties are familiar with the
facts and all issues of law presented by this case are well settled, we will
not recite the facts or the law here except as necessary to advise the parties
of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Applicable Law








A party may raise
a challenge for cause during jury selection in order to eliminate unfit
jurors.  See Tex. R. Civ. P. 228, 229.  Bias and prejudice are statutory grounds for
disqualification of a juror.  See Tex. Gov't Code Ann. ' 62.105(4) (Vernon 2005) (providing that a trial
court must disqualify a prospective juror who shows "bias or prejudice in
favor of or against a party in the case" or against the specific subject
matter of the case).[1]  To establish that a juror is biased or
prejudiced as a matter of law, the evidence must show that "the state of
mind of the juror leads to the natural inference that he will not or did not
act with impartiality."  Compton
v. Henrie, 364 S.W.2d 179, 182 (Tex. 1963). 
If the trial court finds that a juror is not biased or prejudiced as a
matter of law, it has discretion to ascertain whether the juror's bias or
prejudice is extreme enough to preclude the juror's fair assessment of the
evidence, therefore necessitating the juror's dismissal.  Malone v. Foster, 977 S.W.2d 546, 564
(Tex. 1998) (citing Swap Shop v. Fortune, 365 S.W.2d 151, 154 (Tex.
1963)).  Since the trial court observes
voir dire, it is naturally in a better position to judge whether a prospective
juror is biased or prejudiced.  Cortez
v. HCCIBSan Antonio, Inc., 159 S.W.3d 87, 93 (Tex. 2005); Swap Shop, 365 S.W.2d at 154.

A prospective
juror's responses to general questions alone are usually insufficient to
establish bias or prejudice.  Buls v.
Fuselier, 55 S.W.3d 204, 209 (Tex. App.BTexarkana
1991, no pet.) (citing Gant v. Dumas Glass & Mirror, Inc., 935
S.W.2d 202, 208 (Tex. App.BAmarillo 1996, no writ)).  For example, even an admission that one party
would be "starting out ahead" merely represents skepticism, not an
"unshakable conviction" that would merit the juror's
disqualification.  See Cortez, 159
S.W.3d at 93.  " A statement that is
more a preview of a veniremember's likely vote than an expression of an actual
bias is no basis for disqualification." 
Id. at 94.  If a
veniremember expresses what appears to be a bias, counsel may further question
the juror to ascertain whether the apparent bias is in fact an actual
bias.  See id. at 92.  The relevant inquiry is not where a
veniremember starts but where he is likely to end.  El Hafi v. Baker, 164 S.W.3d 383, 385
(Tex. 2005) (per curiam) (citing Cortez, 159 S.W.3d at 94).

III.  Standard of Review








We use the abuse‑of‑discretion
standard to review a trial court's ruling on a challenge for cause.  Kiefer v. Cont'l Airlines, Inc., 10
S.W.3d 34, 39 (Tex. App.BHouston [14th Dist.] 1999, pet. denied).  When determining whether the trial court
abused its discretion, all the evidence must be viewed in the light most
favorable to the trial court's ruling.  Styers v. Schindler Elevator Corp., 115
S.W.3d 321, 325 (Tex. App.BTexarkana 2003, pet. denied).

An appellant who
seeks to challenge the trial court's overruling of his challenge for cause must
show (1) that a prospective juror established his or her bias or prejudice as a
matter of law, which would automatically disqualify the juror, or (2) that the
trial court abused its discretion when determining that the prospective juror was
not biased or prejudiced enough to merit disqualification.  Tex.
Gov't Code Ann. _ 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.  Whether a juror is biased is a
factual determination for the court.  See Kiefer, 10 S.W.3d at 39.  However, if evidence conclusively establishes
that a jury panelist would not act with impartiality, an appellate court must
hold that the panelist was disqualified as a matter of law.  Garza v. Tan, 849 S.W.2d 430, 432
(Tex. App.BCorpus Christi 1993, no writ).

IV.  Analysis

By
four issues, appellant generally contends that six jurors established their
bias or prejudice as a matter of law and therefore should have been excused,
or, alternatively, the trial court abused its discretion when it denied
appellant's challenge to dismiss these jurors for cause.

A.  Veniremembers 2, 8, and 27

Answered They Could Not Be
Fair

 








By
his first issue, appellant contends that veniremembers 2, 8, and 27 established
their bias or prejudice as a matter of law when they admitted that they could
not be fair to appellant or, alternatively, the trial court abused its
discretion when it denied appellant's challenge because such an acknowledgment
leads to the natural inference that the juror could not act impartially.

1.  Veniremember 2

Although
veniremember 2 did not raise her hand when asked if she thought that
"medical malpractice lawsuits hurt patient care," she did raise her
hand in response to counsel's general question regarding whether the
prospective jurors thought they could not be fair in this case because of what
they had already heard and she agreed with counsel that this case "would
not be a good case for [her]." 
Veniremember 2 also expressed sympathy for doctors and nurses because
she worked as a nurse's aide. The trial court stated that counsel "just
didn't get enough out of [veniremember 2]," and denied appellant's
challenge for cause concluding that veniremember 2 did not communicate a bias
or prejudice that would keep her from fairly judging the evidence.








While
veniremember 2 expressed an apparent bias in response to general, vague
questions, she did not state that she could not be fair.  See Buls, 55 S.W.3d at 209.  Furthermore, counsel's specific question
asking whether she thought "this is not the case for her" was
vague.  See Cortez, 159 S.W.3d at
93.  It was not enough to lead to the
natural inference that she could not act with impartiality.  See Compton, 362 S.W.2d at 182.  Thus, contrary to appellant's claim, veniremember
2's responses did not establish her bias or prejudice as a matter of law.  See id.  Her sympathy for doctors and
nurses similarly did not compel the conclusion that she could not fairly assess
the evidence.  See El Hafi, 164
S.W.3d at 385 ("having a perspective based on 'knowledge and experience'
does not make a veniremember biased as a matter of law.")  Therefore, viewing the evidence in the light
most favorable to the trial court's ruling, see Styers, 115 S.W.3d at
325, we conclude the trial court did not abuse its discretion in refusing to
disqualify veniremember 2.  See Tex. Gov't Code Ann. ' 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.

2.
Veniremember 8

Appellant
asserts that veniremember 8 established her bias or prejudice when she raised
her hand in response to counsel's inquiry asking whether jurors would have
trouble acting fairly in this case because of their belief that medical
malpractice lawsuits hurt patient care and when she agreed that this case is
"probably not the right case for [her]."  Veniremember 8 also raised her hand in
response to counsel's question inquiring whether the jurors could be fair in
this case.  Finally, veniremember 8
stated that working as a medical technologist at the medical center where
appellee practices would not make it difficult for her to be fair and
impartial.  The trial court denied
appellant's challenge for cause because he only heard veniremember 8 express
"some sort of general discontent with malpractice," not that she was
unable to fairly judge the evidence.








Although
veniremember 8 raised her hand in response to counsel's questioning inquiring
whether this was the case for her and whether the jurors could be fair in this
case, this was not enough to establish actual bias, especially in combination
with her statement that she could be fair. 
Without further and more specific questioning by counsel, her responses
do not "lead to the natural inference" that she could not act with
impartiality.  See Compton, 362
S.W.2d at 182.  Thus we conclude
veniremember 8's responses did not establish her bias or prejudice as a matter
of law.  Id.  We also conclude the trial court did not
abuse its discretion when it overruled appellant's challenge for cause.  See Tex.
Gov't Code Ann. ' 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.

3.
Veniremember 27

Appellant
contends that veniremember 27 established her bias because she worked as a
nurse practitioner, raised her hand in response to counsel's general questions
asking jurors whether they could be fair in this case, agreed with counsel that
"this is not the case for [her]," was once sued in a medical
malpractice case that was dismissed, and works for a member of Citizens Against
Lawsuit Abuse (CALA).  The trial court
denied appellant's challenge for cause because he thought that veniremember 27
did not say anything to establish her bias; rather, she only generally affirmed
that this was not the case for her, and there was no evidence that she agrees
with her employer's views on lawsuit abuse.








Like
veniremembers 2 and 8, veniremember 27's response to counsel's general
questions regarding whether the jurors could be fair in this case does not
establish her prejudice or bias as a matter of law.  See Buls, 55 S.W.3d at 209.  Furthermore, similar to the situation with
veniremembers 2 and 8, veniremember 27's general opinion that this was not the
right case for her is not specific enough to establish her bias.  See id.  Nor does the fact that her employer is a
member of CALA merit her disqualification, for the record does not indicate any
support of her employer's beliefs. 
Finally, although veniremember 27's career in a healthcare field and the
dismissed lawsuit against her appeared to result in sympathy for the defendant,
it does not compel the conclusion that she could not fairly assess the
evidence.  See El Hafi, 164 S.W.3d
at 385; Swap Shop, 365 S.W.2d at 154; see also Cortez,
159 S.W.3d at 93.  Without more
questioning to reveal an actual bias, veniremember 27's responses are not
enough to compel the conclusion that she was biased or prejudiced as a matter
of law.  See Compton, 362 S.W.2d
at 182.  Furthermore, we cannot conclude
that the trial court abused its discretion when it overruled appellant's
challenge for cause because veniremember 27's state of mind did not lead to the
natural inference that she would judge the evidence unfairly or favor one party
over the other.[2]   See Tex.
Gov't Code Ann. ' 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.

Appellant's first issue is overruled.

B.  Veniremembers 23 and 27

Worked in Medical Field

 

By
his second issue, appellant asserts that veniremembers 23 and 27 should have
been dismissed because they worked in a medical or healthcare field and
believed that medical malpractice lawsuits hurt patient care, or,
alternatively, their responses lead to the natural inference that the jurors
would be unfair toward appellant.








1.  Veniremember 23

Appellant contends that veniremember 23
established her bias or prejudice when she admitted she believed medical
malpractice lawsuits hurt patient care. 
Although veniremember 23 raised her hand in response to counsel's
general question asking the jurors whether they disapproved of medical
malpractice cases, she twice responded that she could be fair.  Similarly, her career in a MHMR facility
alone did not establish veniremember 23's bias or prejudice.  She said she would not give one side an
advantage over the other and that she could be fair to both sides and judge the
evidence fairly.  The trial court denied
appellant's challenge for cause because it only heard veniremember 23's
expression of generic discontent with malpractice cases, not that she would judge
the evidence unfairly.

Given her admission that she could judge the
evidence fairly and the fact that no other evidence in the record showed any
bias, we also conclude veniremember 23 did not establish her bias or prejudice
as a matter of law.  See Compton,
362 S.W.2d at 182.  Moreover, the trial
court did not abuse its discretion in denying appellant's challenge for cause
as to veniremember 23.  See Tex. Gov't Code Ann. ' 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.

2. 
Veniremember 27








In his second issue, appellant also challenges
the trial court's denial of his challenge for cause as to veniremember 27
because of her career in the medical field and because she believed medical
malpractice lawsuits hurt patient care. 
However, as set out above,
veniremember 27's career as a nurse practitioner and the dismissed lawsuit
against her were not enough to compel the conclusion that veniremember 27 was
biased or prejudiced as a matter of law, or that the trial court abused its
discretion in determining that she was not biased or prejudiced.  See El
Hafi, 164 S.W.3d at 385; Compton, 362 S.W.2d at 182; see also Tex. Gov't Code Ann. ' 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.

Accordingly,
we overrule appellant's second issue.

C.
Veniremembers 20 and 25

Physician-patient
Relationships

 

By his third and fourth issues, appellant
contends previous physician-patient relationships between appellee and
veniremembers 20 and 25 established their bias or prejudice.

1. Veniremember 20

Appellant contends that veniremember 20
established her bias or prejudice because appellee had previously acted as her
physician.  The trial court denied
appellant's challenge for cause because veniremember 20 stated that she could
be fair and because no other evidence established her bias or prejudice.

Veniremember 20 stated that she was appellee's
former patient.  Yet she twice responded
that she could judge the evidence fairly and impartially, and the record
contains no responses rebutting her statement that she could act fairly and
impartially.  Finally, veniremember 20
did not raise her hand in response to counsel's question asking if any juror
had a bias or prejudice that would render her unfit to hear the case.








The mere existence of a past physician-patient
relationship, without a more definitive expression of a resulting bias on her
part, does not establish that the state
of mind of veniremember 20 lead to the natural inference that she would not act
with impartiality.  See Compton,
362 S.W.2d at 182; see also Buls, 55 S.W.3d at 209.  Thus, we cannot conclude that veniremember 20 was
biased as a matter of law.  See
Compton, 362 S.W.2d at 182. 
Furthermore, we conclude the trial court did not abuse its discretion in
determining veniremember 20 could fairly assess the evidence and, thus, was not
biased or prejudiced.  See Tex. Gov't Code Ann. ' 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.

2. 
Veniremember 25

Appellant contends that veniremember 25
established her bias or prejudice because her nephew had been appellee's
patient.  However, because veniremember
25 said she could be fair to both sides and no other evidence established any
bias or prejudice, the trial court denied appellant's challenge for cause.








Although veniremember 25 previously accompanied
her nephew on visits to see appellee, she never stated or implied that her
nephew's past physician-patient relationship with appellee would in any way
affect her ability to fairly judge appellee. 
Furthermore, veniremember 25 twice stipulated that she could be fair and
that she would not favor appellee over appellant.  The record contains no additional evidence
that veniremember 25 might have been biased. 
Thus, contrary to appellant's claim, veniremember 25's nephew's past
physician-patient relationship with appellee by itself does not establish her
bias or prejudice as a matter of law.  See Compton, 362 S.W.2d at 182.  Furthermore, the trial court did not abuse
its discretion when it denied appellant's challenge to dismiss veniremember
25.  See Tex. Gov't Code Ann. ' 62.105(4) (Vernon 2005); Malone, 977 S.W.2d
at 564.

We overrule appellant's third and fourth issues.

V. 
Conclusion

We affirm the trial court's judgment.                                                                

 

NELDA V. RODRIGUEZ

Justice

 

Memorandum
Opinion delivered and 

filed
this 25th day of August, 2005.                       











[1]Bias is a tendency to favor one
side over the other.  Compton v.
Henrie, 364 S.W.2d 179, 182 (Tex. 1963). 
Prejudice is defined as prejudgment and includes bias.  Id.





[2]Appellant relies on Shepherd v.
Ledford, 962 S.W.2d 28, 34 (Tex. 1998) for his argument that challenged
veniremembers, 2, 8, and 27 were prejudiced as a matter of law.  In Shepherd, the Texas Supreme Court
held that the trial court correctly disqualified three jurors as a matter of
law because they openly expressed bias as a result of medical treatment
experienced by family members and thus, were prejudiced as a matter of law.  Id. 
In this case, however, unlike the disqualified jurors in Shepherd,
we have determined that no actual bias was established as to veniremembers 2,
8, and 27.  We cannot conclude that they
openly expressed a bias and were therefore prejudiced as a matter of law.