COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT JONES, | § | No. 08-08-00261-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Criminal Court No. Two |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20070C15672) |
| | § | |

## **O P I N I O N**

This is an appeal from a jury conviction for the offense of driving while intoxicated. The court assessed punishment at 180 days' confinement, probated for a period of 18 months, and a fine of $1,000, probated to $500. We affirm.

### **BACKGROUND**

During voir dire, the following exchange occurred with Venireperson Number 12, David Hensgen:

DEFENSE: Number 12.

VENIREPERSON: David Hensgen.

DEFENSE: You're a police officer?

VENIREPERSON: Yes, sir.

DEFENSE: All right, sir. And was your – well, my question is obvious. Do you think you're okay to sit on this jury?

VENIREPERSON: Yes, I do, sir.

DEFENSE: And you don't think what you do for – well, let me ask you this: Have you ever arrested anybody for DWI?

VENIREPERSON:  Yes, sir.

DEFENSE:  Okay.  A lot of them?

VENIREPERSON:  No, sir.

DEFENSE:  Okay.

VENIREPERSON:  I think the last one was about five years ago.

DEFENSE:  Okay.  Well, who do you work for now?

VENIREPERSON:  The University of Texas system.

DEFENSE:  Have you always been a police officer there, or –

VENIREPERSON:  Yes, sir.

DEFENSE:  Okay.  And if I call into question or attack the validity of these tests that you all give, you've already gotten in your mind that those tests are valid and perfectly fine, do you not?

VENIREPERSON:  In that usage, I would have to disagree with you.  It's just an indicator.  The tests are just an indicator.  I look at the totality of the circumstances to determine – to make an arrest of somebody for DWI or anything else.

DEFENSE:  But you're convinced that those are valid indicators?

VENIREPERSON:  Yes, sir, at this time, I do.

DEFENSE:  Okay.  And if in the majority of these cases, I'll tell you not just this one, a bunch of them, that's one of the major things that they try to prove.  So you would already have a preconceived idea that those are valid indicators.  Would that be correct?

VENIREPERSON:  Yes, sir.

During the individual questioning of Venireperson Hensgen before the bench, the following

exchange, in relevant part, occurred:

DEFENSE:  Yeah, that was mine.  Officer, I'm concerned because – let me be frank with you:  What I will do is attack these tests as being a bunch of hogwash.  Okay?

VENIREPERSON: Okay, sir.

DEFENSE: If you're on the jury as a trained police officer, you don't think they're a bunch of hogwash, so you've already made up your mind that they're, A, valid and that, B, they have some indication. And that's what concerns me.

VENIREPERSON: Okay, sir.

DEFENSE: And I'm wondering, if you – if you looked at it in that fashion, you could not be fair and impartial vis-a-vis, just the issue of those tests?

VENIREPERSON: Well, I would disagree with you, sir, in the sense that I know the mechanics of how the tests are done, if they're done improperly, I can tell if they're done improperly. So I'd be able to tell if the officer correctly administered the tests. But then again, as I said, my answer, I would look at the totality of the issues, what led up to the incident, the response – if there's a videotape, if there's a dash cam, then I would make a decision.

DEFENSE: Well, but the problem we have is that if those tests are done according to the book, then you are already convinced of the validity of those tests and there is nothing I can do to change your mind.

VENIREPERSON: Well, they're accepted tests right now. I mean, they're accepted in the state of Texas. Most courts – courts of appeals have accepted them.

DEFENSE: But this is different because you are going to be – if you're selected, you'd be on a jury.

VENIREPERSON: Yes, sir, I understand that, sir.

DEFENSE: So that will be an issue. I'm going to say those tests are hogwash. The other jurors do not have any prior experience with them. They may believe them when they say they're not hogwash, but their mind is going to be open to my presentation, and yours will not be, assuming for the moment that they're – they're properly administered.

VENIREPERSON: Yes, sir.

DEFENSE: You know, you've already made up you mind that those tests are – those tests are going to be valid, at least to that – but I may go on about the horizontal gaze nystagmus or something –

VENIREPERSON: Sure.

DEFENSE: – talk about that there may be the odor of alcohol, slurred speech. I'm

talking about that. But just looking at the tests themselves, in that one portion of the evidence, you're already convinced if they are properly administered, that those tests are valid and they're indicators of intoxication?

VENIREPERSON: That's correct sir.

DEFENSE: Okay.

. . .

THE COURT: You've got to understand what I'm saying.

VENIREPERSON: Yes, sir, I do, sir.

THE COURT: Because that's very important. The way Mr. Gibson is telling you – and you're a trained officer – and you've indicated to me you're experienced with these tests of some nature, and I don't know how. But assuming that that officer gets up there and he says – you know, they go through all their regimen of things that they need to be doing and they are done correctly, are you telling this Court right now he's intoxicated? That's the way the motion is, Mr. Brown. Hold on, I'll let you come back.

VENIREPERSON: No, sir. Because – if I could elaborate? As Mr. Gibson has directed, it's an indicator. But like I said, I'd view – I would view other factors, because I've always tried as a peace officer to be fair and impartial, and I feel I could do that.

. . .

DEFENSE: Would that – as a juror, deciding guilt or not guilt, though, the validity of those tests, perfectly administered, would contribute the large percentage to your – to your decision, to hold as a juror that he was intoxicated, would it not?

VENIREPERSON: Possibly, yes. I would have to answer you truthfully, possibly.

The court denied Appellant's challenge for cause for Venireperson Hensgen.

After the court denied Appellant's challenge for cause, defense counsel requested an additional peremptory challenge. Defense counsel stated that due to the overruling of his challenge for cause, he was forced to strike him. Defense counsel then indicated to the court that he used a second strike on Juror Number 9, Omar Perales, and he used his third strike on Geraldine Sanchez,

Juror Number 19, a border patrol agent. Defense counsel stated to the court that had he not been required to use a peremptory strike on Venireperson Hensgen, he would have struck either Venireperson Number 5, or Venireperson Number 10. He then stated the reasons why those two venirepersons were objectionable to him. The court denied the request for an additional peremptory challenge.

Appellant filed a motion for new trial on August 11, 2008. One of the grounds raised was the court's failure to grant Appellant's challenge for cause regarding Venireperson Hensgen. A hearing was held but no evidence was presented regarding that matter. On August 21, 2008, the court entered an order denying the motion for new trial.

## DISCUSSION

In Issue One, Appellant asserts that the court erred in denying his challenge for cause regarding Venireperson Hensgen, because he believed that the standard field sobriety tests are valid if performed properly; therefore, they are indicators of intoxication. Specifically, Appellant contends that this constituted a prejudgment of a defensive issue constituting a bias and prejudice against the Appellant's defensive posture.

The trial court has discretion in ruling on challenges for cause, and its rulings will not be upset on appeal absent an abuse of that discretion. *Banda v. State*, 890 S.W.2d 42, 53-54 (Tex. Crim. App. 1994), *cert. denied*, 515 U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995). An appellate court must examine the record as a whole to determine whether there is support for the trial court's rulings, and, in doing so, the appellate court must give deference to the trial court, which was in a position to actually see and hear the veniremember. *Id.* If a veniremember vacillated or equivocated with respect to his ability to follow the law, the appellate court must defer to the trial court's judgment. *Brown v. State*, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996).

A juror may be challenged for cause if he or she demonstrates a bias or prejudice against the defendant or any facet of the law upon which the defendant is entitled to rely. TEX.CODE CRIM. PROC. ANN. art. 35.16(c)(2) (Vernon 2006); *see also Mooney v. State*, 817 S.W.2d 693, 700 (Tex. Crim. App. 1991). A trial court's decision to deny a defendant's challenge for cause should not be overturned unless, in light of the entire voir dire examination of the prospective juror, bias or prejudice is established as a matter of law. *See Burks v. State*, 876 S.W.2d 877, 893 (Tex. Crim. App. 1994). To disqualify a potential juror for bias as a matter of law, the record must show conclusively that the potential juror's state of mind led to the natural inference that she would not act with impartiality. *Mount v. State*, 217 S.W.3d 716, 722 (Tex. App.–Houston [14th Dist.] 2007, no pet.); *Hyundai Motor Co. v. Vasquez*, 189 S.W.3d 743, 750-51 (Tex. 2006). We give considerable deference to the trial court's ruling because the court is in the best position to evaluate a venireman's responses and demeanor. *See King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000); *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998). The reviewing court gives particular deference when the potential juror's answers are vacillating, unclear or contradictory. *King*, 29 S.W.3d at 568; *Colburn*, 966 S.W.2d at 517.

Appellant indicates in his brief that Venireperson Hensgen was biased in that he never said at any point in his examination that he could put his training and experience as a police officer aside regarding his opinion that the standard field sobriety tests were valid indicators of intoxication. However, we note that having a perspective which is based on "knowledge and experience" does not make a veniremember biased as a matter of law. *Hafi v. Baker*, 164 S.W.3d 383, 385 (Tex. 2005). Here, Hensgen stated that the tests were just indicators; albeit, possibly valid indicators, and he would look at the totality of the circumstances with regard to intoxication, and he would be fair and impartial in so doing. Further, when asked if he considered the tests to be valid indicators of

intoxication, he stated, "at this time, I do." Hensgen also stated that it was *possible* he would consider the tests if perfectly administered to be a significant factor in determining intoxication. The judge could have understood these answers to indicate that the venireperson would reserve his judgment pending the receipt of all the evidence. Also, even if we view the responses to indicate ambiguity, vacillation, or uncertainty, an ambiguous or uncertain statement by a veniremember does not unequivocally establish an individual's inability to follow the law. *See Moore v. State*, 999 S.W.2d 385, 407 (Tex. Crim. App. 1999). When the record does not contain a clearly objectionable declaration by the venireperson, or the record demonstrates a vacillating or equivocal venireperson, we accord great deference to the trial judge who had the better opportunity to see and hear the person. *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003). We do not find that these responses established a clear bias towards Appellant or inability to follow the law. Issue One is overruled.

In Issue Two, Appellant maintains that the court erred in refusing to allow him an extra peremptory challenge when it erroneously overruled his challenge for cause of Venireperson Hensgen, and Appellant demonstrated his peremptory challenges were exhausted and two persons objectionable to the defense actually served on the jury. However, as we have found that the court did not err in denying Appellant's challenge for cause, his efforts in preserving error are irrelevant.[1] Issue Two is overruled.

In Issue Three, Appellant argues that the court erred in overruling his motion for new trial. In his brief, Appellant raises the same contentions regarding the denial of his challenge for cause

---

[1] To preserve error on denied challenges for cause, an appellant must demonstrate on the record that: (1) he asserted a clear and specific challenge for cause; (2) he used a peremptory challenge on the complained-of venireperson; (3) all his peremptory challenges were exhausted; (4) his request for additional strikes was denied; and (5) an objectionable juror sat on the jury. *Sells v. State*, 121 S.W.3d 748, 758 (Tex. Crim. App. 2003).

as he raised in Issue One.  As we have found that the court did not err in denying his challenge for cause, we find that the court properly overruled his motion for new trial.  Issue Three is overruled.

**CONCLUSION**

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

March 24, 2010

Before Chew, C.J., Rivera, J., and Moody, Judge
Moody, Judge, sitting by assignment

(Do Not Publish)